JAMES A. CAMPAGNA et al., Respondents, v SHELLY BRAUN et al., Appellants.

On June 7, 1984, the plaintiffs signed a contract for the purchase of a residence in Glen Cove. The defendant sellers

signed the contract on June 25, 1984. The contract provided, in pertinent part, that: "26. This contract is made upon the condition that on or before July 1, 1984, a lending institution selected by Purchaser shall issue a written commitment in the usual form of such lending institution to make a conventional first mortgage loan on the premises upon the terms no less favorable than the following: $125,000 with interest at prevailing rate, payable over at least twenty-five (25) years. Purchaser shall make prompt application to such lending institution for such first mortgage loan and shall furnish all necessary information and documents and pay all fees and charges required in connection with such application. Purchaser shall promptly notify Seller of the name and address of such lending institution. Purchaser shall accept such commitment when issued and shall comply with all requirements of such commitment. Purchaser shall furnish Seller with a copy of such commitment promptly after receipt thereof. If Purchaser fails to obtain such commitment on or before the date set forth above, then, unless the parties agree to extend such date or Purchaser delivers to Seller a written waiver of this condition, this contract shall be automatically cancelled as of such date and both parties shall thereafter be released and discharged from all liability under this contract, except that the downpayment under the contract shall be promptly refunded to Purchaser. *Upon such commitment being issued by such lending institution or the waiver of such condition by Purchaser, this contract shall be firm and unconditional*" (emphasis added).

The plaintiffs received a commitment from the Dime Savings Bank on or about June 19, 1984; however they failed to promptly notify the defendants of this or to furnish them with a copy of the commitment. The defendants canceled the contract in August 1984 claiming that they had a right to do so because of the plaintiffs' failure. We disagree.

When the provisions of a contract are clear and unambiguous, the interpretation thereof is a question of law and effect must be given to the parties' expressed intent *(see, Bethlehem Steel Co. v Turner Constr. Co.,* 2 NY2d 456). Since there is no genuine dispute as to the factual circumstances of the transaction, summary judgment is appropriate *(see, Mader v Mader,* 101 AD2d 881).

Here, the contract clearly stated that if a commitment was obtained during the requisite time period, the contract would become firm and unconditional. The failure to obtain the commitment, *not* the failure to promptly notify the seller,

would trigger the right to cancellation. Therefore, since the commitment was obtained on June 19, 1984, within the applicable time period, the contract became firm and unconditional when it was signed by the defendants on June 25, 1984. The defendants therefore had no right to cancel the contract on August 9, 1984.

Accordingly, the court properly granted summary judgment to plaintiffs and directed specific performance of the contract.

We have considered the defendants' remaining contentions and find them to be without merit. Thompson, J. P., Weinstein, Rubin and Spatt, JJ., concur.