■ IRVING BUCKLEY et al., Appellants, v ARNOLD POMERANTZ et al., Respondents.—In an action to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated November 25, 1987, as, upon reargument, adhered to its prior order dated July 2, 1987, granting the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, the order dated July 2, 1987 is vacated, the cross motion is denied, the complaint is reinstated and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

On September 16, 1986, the parties entered into a contract whereby the plaintiffs agreed to sell certain real property, located in the Town of Hempstead, to the defendants. The contract, in pertinent part, provided that the agreement could not be changed or terminated orally. It further stated that in the event the defendants were unable to obtain a mortgage commitment within 45 days of the date of the making of the contract, the plaintiffs could "within 60 additional days thereafter", elect to terminate the contract by written notice or obtain a mortgage commitment for the defendants. The plaintiffs were also entitled to retain the $65,000 down payment, as liquidated damages, if the defendants defaulted.

The record reveals that the defendants' application for a mortgage loan in the amount of $300,000 was rejected just one day after the contract was signed. The parties then met to discuss alternative financing arrangements, but their negotiations did not succeed. On or about September 23, 1986, the defendants stopped payment on the $65,000 contract deposit. The plaintiffs then commenced this lawsuit alleging that the defendants had breached the contract. The plaintiffs ultimately moved for summary judgment to recover liquidated damages, as provided for in the contract. The defendants cross-moved for summary judgment dismissing the complaint, claiming that the parties had orally agreed to abandon or terminate the contract and that they were, therefore, justified in stopping payment on the $65,000 deposit check.

Contrary to the conclusions of the Supreme Court, we find that factual issues exist as to whether the plaintiffs orally agreed to waive the provision requiring written notice of the

termination of the contract or whether the plaintiffs, by their words or conduct, should be estopped from invoking the requirement that the termination be in writing (see, General Obligations Law § 15-301; *Rose v Spa Realty Assocs.*, 42 NY2d 338; *American Bag & Metal Co. v Alcan Aluminum Corp.*, 115 AD2d 958; *Marine Midland Bank v Midstate Lbr. Co.*, 79 AD2d 783). Mollen, P. J., Eiber, Kooper and Harwood, JJ., concur.