■ F. CHARLENE WEAVER, Respondent-Appellant, v ALLAN HILZEN et al., Appellants-Respondents.—In an action to recover a down payment made pursuant to a contract for the sale of real property, (1) the defendants appeal from so much of an order of the Supreme Court, Rockland County (Weiner, J.), dated February 1, 1988, as denied their cross motion for summary judgment, and (2) the plaintiff cross-appeals from the same order which, *inter alia,* denied her motion for summary judgment directing the defendants to return the down payment to her.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment is granted.

On June 2, 1986, the defendants entered into a contract to sell certain real property located in Spring Valley, New York, to the plaintiff, F. Charlene Weaver. The plaintiff agreed to pay a total of $214,000 for the property, of which $5,500 was placed in escrow as a down payment at the time the contract was signed. The contract contained a mortgage contingency clause which provided that the obligations of the plaintiff purchaser would be "subject to" her obtaining a mortgage in the amount of $105,000. This clause gave either party the right to cancel the contract in the event the plaintiff was unable to procure a mortgage within 45 days of the contract date. On July 28, 1986, after more than 45 days had elapsed, the plaintiff received a conditional mortgage commitment contingent upon the "sale and settlement" of her residence. After attempting unsuccessfully to agree upon a closing date, by letter dated September 12, 1986, the defendants scheduled the closing for September 22, 1986, making " 'TIME OF THE ESSENCE' ". By letter dated September 21, 1986, the plaintiff informed the defendants that she was canceling the contract because she had been unable to sell her residence and was therefore unable to satisfy the contract condition that she obtain a firm mortgage commitment within 45 days of the contract date.

We find that the plaintiff properly exercised her right to cancel the contract and was entitled to judgment as a matter of law. The contract expressly granted either party the right to cancel the contract in the event that the plaintiff purchaser failed to secure a mortgage within the specified time period. It is uncontroverted that the plaintiff did not obtain a firm

mortgage commitment within the allotted period, or at any time prior to the September 22, 1986 closing date. Inasmuch as the defendant has not raised any triable issues of fact, summary judgment should be granted to the plaintiff *(see, Tendler v Lazar,* 141 AD2d 717; *Ferlita v Guarneri,* 136 AD2d 680; *Campagna v Braun,* 124 AD2d 532).* Bracken, J. P., Lawrence, Kooper and Sullivan, JJ., concur.