■ KRESSEL, ROTHLEIN & ROTH, Plaintiff, v TERRENCE F. GALLAGHER et al., Appellants, and THOMAS F. STAFFA et al., Respondents.—In an interpleader action to determine who is entitled to a deposit made under a contract for the sale of real property held in escrow by the plaintiff, the defendants Terrence F. Gallagher and Arlene E. Gallagher appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Burke, J.), entered July 28, 1988, as denied their cross motion for summary judgment, and granted

the defendants-respondents' motion for summary judgment to the extent of directing a return of the contract deposit.

Ordered that the order is affirmed insofar as appealed from, with costs.

On March 26, 1987, Terrence F. and Arlene E. Gallagher (hereinafter the sellers) and Thomas F. and Deborah J. Staffa (hereinafter the buyers) entered into a contract for the sale of certain real property located in Massapequa, New York. In accordance with the terms of the contract, the buyers paid the sellers a down payment of $44,000 to be held by the sellers' attorneys Kressel, Rothlein & Roth in an interest-bearing escrow account. The contract additionally contained a mortgage contingency clause which provided that the obligations of the buyers would be "subject to" their obtaining a firm mortgage commitment in the amount of $200,000 and that if the buyers could not obtain such a commitment, either side could cancel and the down payment would be returned. The buyers were given 45 days to obtain the mortgage commitment "unless such time was extended in writing by the parties".

On April 9, 1987, the buyers applied for a mortgage with Marine Midland Bank. On May 10, 1987, the 45-day period expired without the buyers receiving any type of commitment from Marine Midland Bank. On May 11, 1987, the buyers sent the sellers' attorney a letter requesting an extension of 30 days. Because of the time constraints they faced in relation to the closing date on a house they had purchased, the sellers refused to agree to an extension.

On June 3, 1987, the buyers received a letter from Marine Midland Bank granting them a conditional mortgage commitment which was "subject to" the sale of their own home. On June 9, 1987, the buyers formally demanded the return of their deposit and canceled the contract. The sellers' refusal to return the deposit to the buyers precipitated the commencement of the instant action.

We find that the buyers properly exercised their right to cancel the contract and were entitled to judgment as a matter of law. A conditional "subject to" mortgage such as the one at bar is not a firm commitment and does not satisfy a mortgage contingency clause. Such a clause requires that a final approval or commitment be obtained (see, Weaver v Hilzen, 147 AD2d 634; Grossman v Perlman, 132 AD2d 522; Lieberman v Pettinato, 120 AD2d 646). Brown, J. P., Eiber, Harwood and Rosenblatt, JJ., concur.