■ JOHNSON E. L. TSENG et al., Appellants, v RAYMOND COOK et al., Respondents, and JOHN RICE et al., Intervenors-Respondents.—In an action, *inter alia,* for specific performance of a contract for the sale of real property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Levitt, J.), dated February 15, 1989, as (1) granted the motion of the defendants and intervenors-defendants for dismissal of the amended verified complaint pursuant to CPLR 3211 (a) (7) and 3212, and (2) denied their cross motion for partial summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs to the intervenors-defendants.

On December 31, 1986, the respondents Raymond Cook and

Steven Krupa entered into a contract to sell a parcel of land to Sophia Panagiotopoulos. The contract provided, *inter alia,* that closing was to take place on or before June 1, 1987. Despite the fact that this closing date was adjourned a number of times, the respondents entered into a "backup contract" on August 11, 1987, to sell the same property to the appellants in the event the first sale fell through. The appellants commenced the instant action for specific performance and damages in October 1987; and, in January 1988, the purchaser under the first contract, Panagiotopoulos, assigned the contract to the intervenors-respondents John R. Rice, Dianne Rice and Lat Sound Corporation.

On appeal, the appellants argue that the first contract, by its terms, terminated on June 1, 1987. We disagree. The record clearly shows that the parties to the first contract could orally agree to extend the closing date beyond June 1, 1987, which they did *(see, Rose v Spa Realty Assocs.,* 42 NY2d 338, 343; *see also, Pau v Bellavia,* 145 AD2d 609; *Buckley v Pomerantz,* 145 AD2d 523). Therefore, the appellants are not entitled to specific performance pursuant to the terms of the backup contract since it was secondary to the first contract. In any event, they would not be entitled to specific performance since they failed to comply with the conditions precedent set forth in the backup contract which they signed *(see, Weaver v Hilzen,* 147 AD2d 634).

Furthermore, the court properly dismissed the remaining causes of action sounding in tortious interference with contract, civil conspiracy and waste *(see, Alexander & Alexander v Fritzen,* 68 NY2d 968; *Stratford Materials Corp. v Jones,* 118 AD2d 559; 6 Warren's Weed, New York Real Property, Waste, § 3.01 [4th ed]).

In view of this determination, note that the respondents and/or the intervening respondents may make an appropriate application before the Supreme Court for cancellation of the lis pendens *(see,* CPLR 6514 [a]). Thompson, J. P., Bracken, Sullivan and Balletta, JJ., concur.