PAUL LINDENBAUM et al., Respondents, v ROYCO PROPERTY CORPORATION, Appellant.

First Department, March 7, 1991

## APPEARANCES OF COUNSEL

*Richard Claman* of counsel *(Seiden, Stempel, Bennett & D'Agostino,* attorneys), for appellant.

*Phillip Bocketti* of counsel *(Wayne T. Mazur* with him on the brief; *Mazur & Bocketti,* attorneys), for respondents.

## OPINION OF THE COURT

RUBIN, J.

In dispute on this appeal is whether the issuance by a mortgage lender of a loan commitment, subject to a condition, precludes the purchaser from avoiding his contractual obligations in reliance upon the mortgage contingency clause of the purchase agreement. Defendant appeals from an order denying its motion to dismiss the complaint and awarding plaintiffs summary judgment for moneys advanced upon the contract.

The facts are not in dispute. Plaintiffs executed a printed agreement, prepared by defendant seller, for the purchase of a condominium unit located at 150 East 52nd Street in the City and County of New York. The agreement contains a detailed mortgage financing contingency clause which requires the purchaser to obtain a written mortgage loan commitment from either Prudential Home Mortgage Company or Marine Midland Bank. It provides that, while financing may be obtained from another source, the purchasers will only be re-

lieved of their obligations under the agreement if either of the designated lenders "does not agree to finance the purchase and Sponsor does not secure a mortgage loan for Purchaser from another bank and does not agree to provide a purchase money mortgage." The contingency clause further sets forth requirements for notice to the seller "in the event the loan commitment is subsequently withdrawn" and recites the seller's option to either obtain alternate financing or declare the agreement void. The purchaser is afforded the right to avoid the contract only if the seller declines to supply alternate financing within 60 days.

The purchase agreement was signed on May 8, 1989. By letter dated July 5, 1989, prior to receipt of the mortgage commitment, plaintiffs requested an adjournment of closing and informed defendant of their expectation that the mortgage commitment ultimately issued would be contingent on the sale of their cooperative apartment located at 250 West 90th Street. On August 8, plaintiff Ann J. Hammer wrote to defendant stating that a commitment letter had been received from Prudential Home Mortgage Company, that financing was conditioned upon sale of plaintiffs' West 90th Street apartment and that, despite her best efforts to sell the unit, including a willingness to incur a loss, not a single offer had been forthcoming. Her correspondence included the names of 18 real estate brokers with whom the apartment had been listed.

Plaintiffs again wrote to defendant on September 29 to advise that their mortgage commitment expired as of that date and that their apartment had still not been sold. At this time, plaintiffs requested "dissolution of our purchase agreement, and the return of our down-payment of $28,500, plus interest, as stipulated on page three of the purchase agreement." Rather than exercise its option to furnish alternate financing, defendant informed plaintiffs, by letter dated October 10, 1989, that "in accordance with the terms of the purchase agreement, you are required to apply for a renewal or extension of the Prudential Home Mortgage loan commitment." This communication was answered by a demand for return of plaintiffs' down payment from their attorney, to which defendant responded that no grounds for termination of the agreement then existed. The present action ensued.

It is defendant's position that the mortgage loan commitment received by plaintiffs constitutes a "written loan commitment" within the contemplation of the mortgage contingency

clause of the purchase agreement, thus obliging plaintiffs to proceed to closing. In any event, defendant argues, plaintiffs are required to demonstrate that they attempted in good faith to fulfill the condition contained in the mortgage loan commitment requiring the sale of their cooperative apartment. In the absence of such a showing, defendant contends, an issue of fact exists precluding summary judgment.

Defendant's statement of the controversy does not fully convey the complexity of the issues presented. First, in order for defendant to prevail, two conditions must have been met. Moreover, these conditions are contained in two separate agreements. While plaintiffs are party to both agreements, defendant is party to only one. Therefore, even if a duty is established, it is not necessarily owed to defendant. Second, whether the burden to establish that a given condition has been met falls upon defendant, as the party seeking to enforce the purchase agreement, or upon plaintiffs, as the party seeking to avoid it, depends entirely upon the nature of the condition. Simply stated: "The party to whom the duty is owed usually has the burden of proving the occurrence of conditions precedent to the performance of the duty. The party burdened by the duty, however, usually has the burden of proving the discharge of his duty by the occurrence of a condition subsequent" (Calamari and Perillo, Contracts § 140, at 227-228). As this court has recently stated, "It is black letter law that the burden of proving the existence, terms and validity of a contract rests on the party seeking to enforce it (Fisch, Evidence § 1098 [2d ed])" *(Paz v Singer Co.,* 151 AD2d 234, 235). In the absence of any readily discernible basis for enforcement of the agreement against plaintiffs, it devolves upon the court to undertake a systematic analysis of the issues presented.

■ At the outset, it must be noted that the term "commitment" suggests a binding rather than a qualified obligation. Webster's Third New International Dictionary (1979) contains the definition, "an engagement by contract or purchase order to assume a financial obligation" and includes within the meaning of the term, "The state of being obligated or bound." A "conditional commitment" is therefore an oxymoron to the extent that the failure of the condition renders the obligation voidable and, therefore, nonbinding.

■ From the perspective of contract law, the question is whether or not the lender is under a present duty to perform, that is, whether the sale of plaintiff's cooperative apartment is a condition subsequent or a condition precedent to its obliga-

tion to extend a mortgage loan. Under the heading "Conditions of Loan Approval", the commitment letter states, "The following conditions must be satisfied *prior to the issuance of Closing Instructions* to your settlement agent or attorney: * * * Subject to receipt of an executed settlement statement for the property located at 250 West 90th Street, New York, NY 10024" (emphasis in original). It is clear, therefore, that the contemplated event is a condition precedent, which is defined as "an act or event, other than a lapse of time, which must exist or occur before a duty of immediate performance of a promise arises" (Calamari and Perillo, Contracts § 138; Restatement, Contracts § 250 [a]). The lender's obligation to provide financing to the purchasers does not arise until the condition is fulfilled. Significantly, the Appellate Division, Second Department, has consistently held that a mortgage loan which is conditioned upon the sale of the purchaser's residence does not satisfy a mortgage contingency clause because it does not constitute a "firm mortgage commitment" *(Kressel, Rothlein & Roth v Gallagher,* 155 AD2d 587, 588; *Weaver v Hilzen,* 147 AD2d 634).

■ Defendant's contention that plaintiffs were required to sell their cooperative apartment at any price or to affirmatively demonstrate that they exercised their good-faith best efforts to do so *(see, Wood v Duff-Gordon,* 222 NY 88, *rearg denied* 222 NY 643) is disingenuous. We have had recent occasion to note that the express language of condition may give rise to the implied language of promise *(Stendig, Inc. v Thom Rock Realty Co.,* 163 AD2d 46). The principle finds application in cases where the event contemplated by the condition is largely within the control of the party alleged to be bound by the implied promise (Calamari and Perillo, Contracts § 144). This presumes, however, that the party is obligated under the contract in which the condition implicitly giving rise to the promise is contained. In the matter at bar, plaintiffs' contractual duty does not attach until the mortgage lender is obligated to advance them funds *(see, Lieberman v Pettinato,* 120 AD2d 646). In turn, the express provisions of the mortgage commitment letter provide that the duty of the lender does not arise unless and until plaintiffs have sold their cooperative apartment. Therefore, the operative fact in this case is not, as defendant maintains, that sale of their cooperative apartment is largely within plaintiffs' control (which it is), but that the terms under which the lender will advance a mortgage loan are beyond plaintiffs'

control (see, Lo Biondo v D'Auria, 45 AD2d 735, 737), and largely within the control of defendant. Having failed, during the time provided in the purchase agreement, to secure alternate financing for plaintiffs or to advance a purchase-money mortgage, it is defendant which has failed to observe the provisions of the contract and fulfill a condition precedent to plaintiffs' performance.

It also bears emphasis that while the condition precedent that plaintiffs obtain mortgage financing is contained within the purchase agreement executed by the parties, the condition precedent that plaintiffs sell their cooperative apartment is not. It is a condition of a collateral agreement between plaintiffs and a third party, the lender. The circumstances of this agreement and the purpose of the condition, which is to assure the lender that its borrowers are not financially overextended, do not imply any obligation on plaintiffs' part to sell the apartment. The conditions imposed in a commitment letter merely delineate the circumstances under which the lender will agree to advance funds to finance the transaction. The terms of the commitment letter give the lender no right to proceed against plaintiffs for their failure to close the loan beyond retention of the fees already paid in connection with their application. But even if it is granted that, upon trial, defendant might be able to establish some implicit promise by plaintiffs, their obligation would flow to the lender and not to defendant which is not in privity with the ostensible promisors.

The only valid principle which may be extracted from the argument advanced by defendant is that a party may not frustrate an agreement by causing the failure of a condition precedent thereto (3A Corbin, Contracts §§ 767-770). As stated by the Sixth Circuit Court of Appeals, "Where liability under a contract depends upon a condition precedent one cannot avoid his liability by making the performance of the condition precedent impossible, or by preventing it" (Gulf Oil Corp. v American La. Pipe Line Co., 282 F2d 401, 404). However, the burden of proof rests upon the party seeking to enforce the agreement (5 Williston, Contracts § 674, at 179-181 [3d ed]; 3A Corbin, Contracts § 749, at 467-468). Therefore, to enforce the purchase agreement in the absence of the financing contemplated by the mortgage contingency clause, it is incumbent upon defendant to establish that plaintiffs' failure to fulfill the condition necessary to obtaining financing was a mere pretense to avoid their obligations under the contract. Defendant

has failed to make a prima facie showing of any bad faith on plaintiffs' part. Moreover, it is evident from the affidavits attached to their pleadings that plaintiffs have demonstrated that they exercised good faith in the attempt to sell their cooperative apartment. Defendant's allegations to the contrary are merely conclusory and, as such, entirely insufficient to oppose plaintiffs' motion for summary judgment *(Zuckerman v City of New York,* 49 NY2d 557, 562; *cf., Norgate Homes v Central State Bank,* 82 AD2d 849).

The only error in Supreme Court's determination of this matter concerns the award of statutory interest. While, pursuant to the purchase agreement, plaintiffs are entitled to any interest earned from the deposit of their down payment in an interest-bearing account, statutory interest does not accrue prior to breach (CPLR 5001 [b]). Upon the expiration of the period allotted to defendant to provide alternate financing, 60 days following plaintiffs' September 29th demand for cancellation of the agreement and return of their down payment, the contract terminated, and defendant was therefore obligated to refund the down payment together with interest earned thereon, if any, effective November 28, 1989.

Accordingly, the order and judgment of the Supreme Court, New York County (Myriam Altman, J.), entered on July 3, and July 23, 1990, respectively, which denied defendant's motion for summary judgment dismissing the complaint and granted plaintiffs' cross motion for summary judgment on their claim for return of their down payment, should be modified, on the law, to the extent of awarding statutory interest from November 28, 1989 and, except as so modified, affirmed, without costs.

MURPHY, P. J., MILONAS and KUPFERMAN, JJ., concur.

Order, Supreme Court, New York County, entered on July 3, 1990, and judgment entered thereon on July 23, 1990, unanimously modified, on the law, to the extent of awarding statutory interest from November 28, 1989 and, except as so modified, affirmed, without costs.