■ BARBARA CARLSON, Plaintiff, v WILLIAM GARDINER et al., Defendants. (Action No. 1.) WILLIAM GARDINER et al., Appellants, v BARBARA CARLSON, Respondent. (Action No. 2.)—In related actions for specific performance of a contract for the sale of real property brought by the buyer (Action No. 1) and

damages for breach of contract brought by the sellers (Action No. 2), the plaintiffs in Action No. 2, appeal from so much of an order of the Supreme Court, Kings County (Dowd, J.), dated August 4, 1989, as, in effect, denied that branch of their motion which was for summary judgment as to the amount of damages in Action No. 2.

Ordered that the order is affirmed insofar as appealed from, with costs.

These related actions arose from a purported contract for the sale of real property located at 489 Pacific Street in Brooklyn. The contract was executed on or about February 20, 1987. At that time, the buyer, Barbara Carlson, gave the sellers a check in the sum of $25,000 as the down payment. Although the purported contract is not included in the record on appeal, we note that the total purchase price was $160,000. When the down payment check was dishonored because of insufficient funds, the sellers returned it to the buyer with a letter indicating "we consider the contract ended."

The buyer commenced an action for specific performance of the contract of sale (Action No. 1) and the sellers sued for damages in a separate action (Action No. 2). By order dated August 10, 1987, the Supreme Court dismissed Action No. 1, finding the buyer to be in breach because of her failure to make the down payment required under the contract. The buyer did not perfect her appeal from the order finding her to be in breach and dismissing Action No. 1.

Thereafter, the Supreme Court granted that branch of the sellers' motion which was for summary judgment on the issue of liability in Action No. 2, in light of its prior determination. The sellers appeal from so much of the order as denied that branch of their motion which was for summary judgment as to the amount of damages.

We now affirm.

Under the circumstances of this case, we find that the Supreme Court properly denied that branch of the motion which was for summary judgment as to the amount of damages. In cases such as this, where there is evidence that the property was resold soon after the first sale aborted, the buyer's ability to recover the amount of the down payment, or any portion, depends initially on whether the agreement expressly provides that the sellers could retain it upon default (see, Maxton Bldrs. v Lo Galbo, 68 NY2d 373, 382). We note that the sellers have not included a copy of the contract of sale in the record on appeal, but they do not dispute the

buyer's representation that there is no liquidated damages clause or other provision allowing them to retain the down payment upon default by the buyer. We also note that the down payment called for here was substantially more than the standard 10% down payment which is generally accepted as a reasonable measure of damages for willful breach of a real estate contract by the buyer *(see, Maxton Bldrs. v Lo Galbo, supra)*. Here, the sellers must prove damages in order to recover in Action No. 2 *(see,* 6 Warren's Weed, New York Real Property, Vendee and Vendor, § 4.06 [3d ed]). Bracken, J. P., Brown, O'Brien and Ritter, JJ., concur.