■ PERRY FINKELMAN et al., Appellants, v FRANCIS J. WOOD et al., Respondents. [609 NYS2d 655] —In an action, inter alia, to recover damages for breach of a contract to convey real property and for specific performance, the plaintiffs appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (DiNoto, J.), dated May 19, 1992, as (1) granted the motion of the defendant Francis J. Wood for summary judgment dismissing the complaint and (2) granted the separate motion of the defendants Mark and Toby Tryfus for summary judgment dismissing the complaint.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

On March 29, 1991, the plaintiffs, Perry and Iris Finkelman, and the defendant Francis J. Wood (hereinafter the seller) entered into a contract for the sale of a certain piece of real property located in West Hempstead, New York. The contract

contained a mortgage contingency clause which provided that the contract was "expressly conditional upon the purchaser obtaining a firm written mortgage loan commitment from a lending institution in the sum of $165,000, payable in equal monthly installments of principal and interest over a period of 25/30 years." This clause gave either party the right to cancel the contract in the event that the plaintiffs were unable to obtain a mortgage within 45 days of the contract date.

In a letter dated May 30, 1991, the seller agreed to extend the plaintiffs' time to obtain a firm mortgage commitment to June 7, 1991. In a letter dated June 7, 1991, the plaintiffs' attorney notified the seller that they had received oral approval of a mortgage commitment. The commitment, from Roosevelt Savings Bank, contained the condition that the plaintiffs sell their present residence. The plaintiffs also received a commitment from Hypothecators Mortgage Company on June 24, 1991.

In a letter dated July 10, 1991, the seller's attorney notified the plaintiffs' attorney that if he was not in receipt of either a written waiver of the mortgage contingency clause or a firm mortgage commitment by July 15, 1991, the seller would elect to cancel the contract. In a letter dated July 16, 1991, the seller's attorney notified the plaintiffs' attorney that the seller had elected to cancel the contract because the plaintiffs had failed to obtain and deliver to him a firm mortgage commitment. On July 24, 1991, the seller entered into a contract of sale with the defendants Mark and Toby Tryfus, and, on September 5, 1991, the Tryfuses' deed was recorded.

The seller properly exercised his right to cancel the contract, and he is entitled to summary judgment as a matter of law. The Roosevelt Savings Bank commitment was conditioned upon the plaintiffs' selling their present residence and, therefore, was not a firm mortgage commitment (see, Kressel, Rothlein & Roth v Gallagher, 155 AD2d 587; Weaver v Hilzen, 147 AD2d 634). Furthermore, the Hypothecators Mortgage Company commitment was not timely communicated to the seller.

The defendants Mark and Toby Tryfus are also entitled to summary judgment. Since the plaintiffs were unable to obtain a timely firm mortgage commitment, the contract was cancelled. Thus, the plaintiffs are not entitled to specific performance. Moreover, when two or more prospective buyers contract with a prospective seller for the sale of the same property, Real Property Law §§ 291 and 294 give priority to the prospective buyer whose conveyance or contract is first duly

recorded. The plaintiffs never recorded their contract and never acquired a deed to the property. The Tryfuses' deed was recorded September 5, 1991. Having failed to avail themselves of the protection of either Real Property Law §§ 291 or 294, the plaintiffs may not successfully contend that their filing of a notice of pendency serves as a substitute for the recording of a conveyance or a contract. Such notices have as their general object the preservation of existing property rights and do not affect the merits of those interests (see, Varon v Annino, 170 AD2d 445, 446; La Marche v Rosenblum, 50 AD2d 636). Mangano, P. J., Miller, Hart and Florio, JJ., concur.