■ JANICE MUNSON, Respondent, v GERMERICAN ASSOCIATES, Appellant. [638 NYS2d 739] —In an action to recover a down payment made pursuant to a contract for the purchase of real property, the defendant appeals from a judgment of the Supreme Court, Westchester County (Barone, J.), entered December 6, 1994, which, upon an order entered December 2, 1994, granting the plaintiff's motion for summary judgment and dismissing its counterclaim, is in favor of the plaintiff and against it in the sum of $19,597. The defendant's notice of ap-

peal from the order entered December 2, 1994, is deemed a premature notice of appeal from the judgment *(see,* CPLR 5520 [c]).

Ordered that the judgment is affirmed, with costs.

The plaintiff contracted to purchase a condominium from the defendant. The contract contained a mortgage contingency clause providing, *inter alia,* that the contract would become binding upon the plaintiff's obtaining a "satisfactory mortgage commitment", defined as a commitment in "customary form" issued by a lending institution, to make a conventional 30-year fixed rate loan in an amount not to exceed $146,000 at the prevailing interest rate, secured by a lien on the unit. The plaintiff timely obtained a mortgage commitment from Citibank conditioned upon her selling her existing cooperative apartment at a specified price or leasing the apartment at a specified rental. However, the plaintiff was unable to sell or lease the apartment within the relevant time parameters. Therefore, the commitment was withdrawn and the plaintiff sought the return of her $18,250 down payment.

Since the plaintiff could not comply with the conditions contained in the commitment within the time period provided in the parties' contract, the conditional commitment was not a firm, satisfactory commitment and thus did not cause the contract to become binding *(see, Finkelman v Wood,* 203 AD2d 236; *Lindenbaum v Royco Prop. Corp.,* 165 AD2d 254; *Kressel, Rothlein & Roth v Gallagher,* 155 AD2d 587; *Weaver v Hilzen,* 147 AD2d 634). Therefore, because the plaintiff was unable to obtain satisfactory financing, the Supreme Court correctly determined that the plaintiff was entitled to the return of her down payment pursuant to the terms of the parties' contract.

The defendant's remaining contentions are without merit. Bracken, J. P., Rosenblatt, Miller and Friedmann, JJ., concur.