■ Joseph Gulotta et al., Appellants, v Eva Ippolito, Respondent. [745 NYS2d 439] —In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Gigante, J.), dated August 22, 2001, which denied their motion for summary judgment on the issue of liability and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order and judgment is affirmed, with costs.

The Supreme Court properly denied the plaintiffs' motion for summary judgment, as they failed to meet their burden of establishing prima facie entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853). In addition, the Supreme Court properly granted the defendant's cross motion for summary judgment dismissing the complaint. Once the defendant established a prima facie case for summary judgment, the burden shifted to the plaintiffs, who failed to raise a triable issue of fact as to whether the defendant breached the contract in question by exercising her right to cancel (*see generally Fried v Picariello,* 158 AD2d 511, 512-513). The plaintiffs failed to obtain a mortgage loan commitment within the time period specified in the contract. Therefore, the defendant rightfully exercised the option to cancel the contract. Accordingly, the defendant is entitled to judgment as a matter of law (*see Finkelman v Wood,* 203 AD2d 236, 237). O'Brien, J.P., H. Miller, Schmidt and Cozier, JJ., concur.