◼ ROBERT D. SEVERINI et al., Respondents, v KATHLEEN M. WALLACE, Appellant. [787 NYS2d 50]—

In an action to recover a down payment on a contract for the sale of real property, the defendant appeals from an order of the Supreme Court, Nassau County (Winslow, J.), dated June 20, 2002, which granted the plaintiffs' motion for summary judg-

ment and directed the defendant to return the plaintiffs' down payment.

Ordered that the order is affirmed, with costs.

On July 31, 2001, the plaintiffs and the defendant entered into a contract of sale for the defendant's real property located in Garden City. In accordance with the terms of the contract, the plaintiffs, as the purchasers, paid the defendant a down payment of $50,000. The contract contained a mortgage contingency clause which provided that it was "conditioned upon" the plaintiffs securing a mortgage loan commitment covering the premises in the amount of $350,000 and that if the plaintiffs could not obtain such a commitment, either party could cancel and the down payment would be returned.

The plaintiffs timely obtained a mortgage commitment from Astoria Federal Savings Bank conditioned upon selling their cooperative apartment at a specified price. However, the plaintiffs were unable to sell their cooperative apartment within the relevant time period. Therefore, the commitment expired and the plaintiffs sought the return of their $50,000 down payment.

Since the plaintiffs could not comply with the conditions contained in the commitment within the time period provided in the contract, the commitment did not become firm, and thus did not cause the contract to become binding (*see Munson v Germerican Assoc.,* 224 AD2d 670, 671 [1996]; *Lindenbaum v Royco Prop. Corp.,* 165 AD2d 254, 258-259 [1991]; *Kressel, Rothlein & Roth v Gallagher,* 155 AD2d 587, 588 [1989]; *Weaver v Hilzen,* 147 AD2d 634, 634-635 [1989]). Therefore, because the plaintiffs were unable to satisfy the mortgage contingency, the Supreme Court correctly determined that they were entitled to the return of their down payment pursuant to the terms of the contract.

The defendant's remaining contentions are without merit. Ritter, J.P., Smith, Rivera and Lifson, JJ., concur.