■ WARNER J. MICCICHE, Appellant, v HOMES BY TIMBERS, INC., Respondent, et al., Defendant. [796 NYS2d 628]—

In an action, inter alia, to rescind a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated September 30, 2004, which denied his motion for summary judgment striking the counterclaim of the defendant Homes by Timbers, Inc., and for the return of his $25,000 down payment, and granted the cross motion of the defendant Homes by Timbers, Inc., for judgment on its counterclaim to retain the $25,000 down payment as liquidated damages.

Ordered that the order is affirmed, with costs.

The salient facts underlying the parties' contractual arrangements are recited in the decision and order of this Court dated November 3, 2003, resolving their prior appeal (*see Micciche v Homes by Timbers*, 1 AD3d 326 [2003]), wherein this Court determined, inter alia, that the plaintiff was not entitled to rescind the $370,000 contract, but was in breach thereof. Accordingly, we searched the record, dismissed the plaintiff's complaint which sought, inter alia, the return of his down payment, and awarded the defendant Homes by Timbers, Inc. (hereinafter the defendant), summary judgment on the issue of liability on its counterclaim.

Contrary to the plaintiff's present contentions, the Supreme Court correctly granted the defendant's cross motion for judgment on its counterclaim to retain the $25,000 down payment as liquidated damages. Notwithstanding the plaintiff's assertions that as a result of the increased market value of the subject real estate between the time of the breach and the present, the defendant may resell the property without sustaining any actual

damages, the contract gave the defendant the right to retain the down payment as liquidated damages (*see Hegner v Reed,* 2 AD3d 683 [2003]). Moreover, "[f]or more than a century it has been well settled in this State that a vendee who defaults on a real estate contract without lawful excuse, cannot recover the down payment" (*Maxton Bldrs. v Lo Galbo,* 68 NY2d 373, 378 [1986], citing *Lawrence v Miller,* 86 NY 131 [1881]; *see Cipriano v Glen Cove Lodge #1458, B.P.O.E.,* 1 NY3d 53, 62 [2003]; *Uzan v 845 UN Ltd. Partnership,* 10 AD3d 230, 236 [2004]; *Ittleson v Barnett,* 304 AD2d 526, 528 [2003]). Accordingly, even crediting the plaintiff's arguments, in light of his breach he would not be entitled to recover his down payment.

The parties' remaining contentions are without merit. Schmidt, J.P., S. Miller, Santucci and Mastro, JJ., concur.