■ Francis M. Zilinski et al., Appellants, v Michael Graziano et al., Respondents. [807 NYS2d 412]—

In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiffs appeal from a judgment of the Supreme Court, Richmond County (Vitaliano, J.), dated December 16, 2004, which, upon an order of the same court dated October 28, 2004, inter alia, denying their motion for summary judgment and, upon searching the record, awarding summary judgment to the defendants dismissing the complaint and directing the return of the contract deposit to the plaintiffs and a trial before a judicial hearing officer on the issue of the plaintiffs' title and survey expenses, dismissed the complaint.

Ordered that the judgment is reversed, on the law, with costs, so much of the order as awarded summary judgment to the defendants and directed the return of the contract deposit to the plaintiffs and a trial before a judicial hearing officer on the issue of plaintiffs' title and survey expenses is vacated, the complaint is reinstated, and the matter is remitted to the Supreme Court, Richmond County, for further proceedings consistent herewith.

On August 20, 2002, the parties entered into a written contract regarding the sale of a parcel of vacant property in the Tottenville section of Staten Island. Specifically, the plaintiffs agreed to purchase the property from the defendants for the sum of $85,000. As part of their agreement, the defendants were required to convey clear and unencumbered title to the property. The property was located adjacent to the parcel upon which the defendants' home was situated. The plaintiffs, upon receiving the necessary permits to enable them to construct a home on the property, provided a copy of the title report to the defendants. The title report revealed that the mortgage on the defendants' home encumbered the property which was the subject of the contract. After several correspondences between

the parties' attorneys, the plaintiffs waived all objections to title and demanded that the defendants close title. The defendants did not appear at the closing scheduled by the plaintiffs. The plaintiffs then commenced this action for specific performance and compensatory damages.

The Supreme Court properly found that the provisions of the contract which addressed the remedies available to each party if the defendants were unable to transfer marketable title inured to the benefit of both parties. As a result, the plaintiffs could not unilaterally waive those provisions (*see Degree Sec. Sys., Inc. v F.A.B. Land Corp.*, 17 AD3d 402 [2005]; *Savino v DeLeyer*, 160 AD2d 989 [1990]; *Oak Bee Corp. v Blankman & Co.*, 154 AD2d 3 [1990]). Thus, the court properly denied the plaintiffs' motion for summary judgment, as they failed to meet their prima facie burden of establishing entitlement to judgment as a matter of law (*see Gulotta v Ippolito*, 296 AD2d 380 [2002]).

The Supreme Court erred, however, in searching the record and awarding summary judgment to the defendants pursuant to CPLR 3212 (b). The evidence presented on the motion provided an insufficient basis for an award of summary judgment to the defendants. In opposing the plaintiffs' motion, the defendants argued in wholly conclusory fashion that they were unable to transfer the property without breaching their mortgage and subjecting themselves to a mortgage acceleration and a foreclosure action. They never proffered a copy of their mortgage or an affidavit from a representative of the mortgagee. Thus, triable issues of fact exist, including the accuracy of their claim that the mortgage encumbered both parcels, that they were unable to remove the property from the mortgage, or that a foreclosure action would be commenced upon a transfer of title. Further, no evidence was presented that the remaining parcel upon which the defendants' home sat would be insufficient to secure the mortgage debt. Overall, the evidence presented was insufficient for the Supreme Court to search the record and award summary judgment to the defendants. Cozier, J.P., Goldstein, Fisher and Dillon, JJ., concur.