■ MEYTAL TOOBE, Appellant, v THERESA A. SCARLATO, Respondent. [845 NYS2d 456]—

In an action to recover damages for breach of contract and specific performance of a contract for the sale of real property, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Hart, J.), entered March 1, 2007, which granted the defendant's motion for summary judgment dismissing the complaint, denied her cross motion for summary judgment, and dismissed the complaint.

Ordered that the order and judgment is affirmed, with costs.

The Supreme Court properly denied the plaintiff's cross motion for summary judgment since she failed to meet her burden of establishing prima facie entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]; *Dairo v Rockaway Blvd. Props., LLC,* 44 AD3d 602 [2007]; *Gulotta v Ippolito,* 296 AD2d 380 [2002]; *Finkelman v Wood,* 203 AD2d 236 [1994]). In addition, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Once the defendant established a prima facie case for summary judgment, the burden shifted to the plaintiff, who failed to raise a triable issue of fact as to whether the defendant breached the contract in question by exercising her right to cancel as a result of the plaintiff's failure to obtain a mortgage commitment within the time period specified in the contract (*see Gulotta v Ippolito,* 296 AD2d at 380; *Goldport Props. v Taylor,* 275 AD2d 761, 762 [2000]; *Finkelman v Wood,* 203 AD2d at 236-237; *see also 1550 Fifth Ave. Bay Shore v 1550 Fifth Ave.,* 297 AD2d 781, 783 [2002]; *Suarez v Ingalls,* 282 AD2d 599, 600 [2001]; *Cerabino Custom Bldrs. v Rigoglioso,* 135 AD2d 481 [1987]; *Dale Mtge. Bankers Corp. v 877 Stewart Ave. Assoc.,* 133 AD2d 65, 66-67 [1987]). Since the plaintiff failed to offer any credible evidence demonstrating that the defendant had not rightfully exercised the option to cancel the contract, the defendant was entitled to judgment as a matter of law (*see Gulotta v Ippolito,* 296 AD2d at 380; *Goldport Props. v Taylor,* 275 AD2d at 762; *Finkelman v Wood,* 203 AD2d at 237).

The plaintiff's remaining contentions are without merit. Spolzino, J.P., Ritter, Covello and Dickerson, JJ., concur.