■ BEVERLY WALKER, Respondent, v DEBRA CASCARDO, Appellant, et al., Defendant. [979 NYS2d 535]—

The plaintiff and the defendant Debra Cascardo entered into a contract of sale for certain real property pursuant to which the plaintiff made a down payment of $16,000. The contract of sale contained a mortgage contingency clause which provided that the plaintiff's obligation to purchase the property was conditioned upon the plaintiff securing a firm mortgage commitment within a certain period of time. In the event that the plaintiff was unable to timely secure such a commitment in accordance with the contract of sale, the plaintiff and Cascardo were each granted the right to cancel the contract of sale and, under either such circumstance, the down payment was to be returned to the plaintiff.

Subsequently, the plaintiff commenced this action to recover the down payment made pursuant to the contract of sale and moved for summary judgment on the complaint. The plaintiff established, prima facie, her entitlement to judgment as a matter of law by demonstrating that she was unable to secure a firm mortgage commitment in accordance with the contract of sale and that she was entitled to the return of her down payment pursuant to the terms of the contract (*see Severini v Wallace*, 13 AD3d 434, 435 [2004]; *Munson v Germerican Assoc.*, 224 AD2d 670 [1996]; *Kressel, Rothlein & Roth v Gallagher*, 155 AD2d 587 [1989]). In opposition, Cascardo failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the complaint.

Cascardo's remaining contentions have been rendered academic by our determination, are without merit, or are not properly before this Court. Mastro, J.P., Chambers, Lott and Miller, JJ., concur.