■ EMILY WALSH et al., Appellants, v LINDA CATALANO et al., Respondents. [12 NYS3d 226]—

In an action to recover a down payment made pursuant to a contract for the sale of real property, the plaintiffs appeal from an order of the Supreme Court, Queens County (Sampson, J.), entered July14, 2014, which denied their motion for summary judgment on the complaint.

Ordered that the order is reversed, on the law, with costs, and the plaintiffs' motion for summary judgment on the complaint is granted.

The plaintiffs entered into a contract to purchase real property from the defendant Linda Catalano (hereinafter the seller), pursuant to which the plaintiffs made a down payment of $45,500. The plaintiffs' obligations under the contract were contingent upon the issuance of a commitment from an institutional lender. The contract of sale provided that in the event that a commitment could not be obtained, the plaintiffs were entitled to the return of the down payment.

The plaintiffs subsequently received two separate commit-

ments from an institutional lender, but these commitments were contingent upon a satisfactory appraisal of the subject real property. Before the conditions of these commitments could be satisfied, Hurricane Sandy struck the area and caused damage to the subject property. The institutional lender subsequently denied the plaintiffs' application for a mortgage loan based upon a post-storm appraisal that showed that the value of the property was not sufficient to secure the proposed loan amount.

The plaintiffs commenced this action to recover their down payment. They moved for summary judgment on the complaint, arguing that they were entitled to the return of the down payment since they never received a firm commitment from an institutional lender. They also argued that General Obligations Law § 5-1311 (1) (a) (1) required the seller to return the down payment to them, since that statute provides, in relevant part, that "if all or a material part" of the subject real property "is destroyed without fault of the purchaser . . . the vendor cannot enforce the contract, and the purchaser is entitled to recover any portion of the price that he [or she] has paid." The Supreme Court denied the plaintiffs' motion. We reverse.

"For more than a century it has been well settled in this State that a vendee who defaults on a real estate contract without lawful excuse, cannot recover the down payment" (*Maxton Bldrs. v Lo Galbo*, 68 NY2d 373, 378 [1986]; *see White v Farrell*, 20 NY3d 487, 501 n 2 [2013]; *Micciche v Homes by Timbers, Inc.*, 18 AD3d 833, 834 [2005]). Where, however, the obligations of a purchaser under a contract of sale are contingent upon the issuance of a firm financing commitment by a lender, a purchaser may be entitled to recover the down payment if he or she was unable to secure a firm commitment in accordance with the terms of the contract (*see Walker v Cascardo*, 113 AD3d 841, 842 [2014]; *Severini v Wallace*, 13 AD3d 434, 435 [2004]).

Here, the contract of sale was conditioned upon the issuance of a written commitment from an institutional lender. The contract of sale expressly provided that "a commitment conditioned on the Institutional Lender's approval of an appraisal shall not be deemed a 'Commitment' hereunder until an appraisal is approved." Accordingly, the plaintiffs established their prima facie entitlement to judgment as a matter of law by demonstrating that they were unable to secure a firm commitment in accordance with the contract of sale, and that they were entitled to the return of their down payment pursuant to the terms of the contract (*see Walker v Cascardo*, 113 AD3d at

842; *Severini v Wallace*, 13 AD3d at 435; *see also Munson v Germerican Assoc.*, 224 AD2d 670, 671 [1996]; *Kressel, Rothlein & Roth v Gallagher*, 155 AD2d 587, 587 [1989]). In addition, the plaintiffs demonstrated, prima facie, that they were entitled to a return of their down payment by virtue of General Obligations Law § 5-1311, since a "material part" of the property was destroyed by Hurricane Sandy before legal title or possession of the property could be transferred (General Obligations Law § 5-1311 [1] [a] [1]).

In opposition, the seller failed to raise a triable issue of fact. Contrary to the seller's contention, she failed to raise a triable issue of fact as to whether the plaintiffs forfeited the down payment by violating certain terms of the contract of sale (*see Wenzler v Williams*, 17 AD3d 452, 453 [2005]). The seller's remaining contentions are without merit.

Accordingly, the Supreme Court should have granted the plaintiffs' motion for summary judgment on the complaint. Skelos, J.P., Leventhal, Austin and Miller, JJ., concur.