■ KAREN PIZZURRO, Appellant, v RAYMOND GUARINO, Also Known as RAYMOND V. GUARINO, JR., and Another, Respondent. [47 NYS3d 103]—

In an action to retain a down payment made upon a contract for the sale of real property, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Brown, J.), entered December 24, 2015, as granted those branches of the defendant's motion which were for summary judgment dismissing the complaint and directing the return of the down payment, and denied her cross motion for summary judgment on the complaint.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the defendant's motion which were for summary judgment dismissing the complaint and directing the return of the down payment, and substituting therefor provisions denying those branches of the defendant's motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff seller and the defendant purchaser entered into a contract for the sale of real property. Under the contract, the defendant made a down payment of $30,000, which was less than 10% of the purchase price. A closing never occurred, and the plaintiff resold the property to another buyer for a higher price. The plaintiff thereafter commenced this action to retain the defendant's down payment. The defendant moved, inter alia, for summary judgment dismissing the complaint and directing the return of the down payment. The plaintiff cross-moved for summary judgment on the complaint. The Supreme Court, among other things, granted those branches of the defendant's motion and denied the plaintiff's cross motion.

The defendant failed to demonstrate his prima facie entitlement to judgment as a matter of law dismissing the complaint and directing the return of his down payment. A buyer "who defaults on a real estate contract without lawful excuse, cannot recover the down payment," at least where, as here, that down payment represents 10% or less of the contract price (*Maxton Bldrs. v Lo Galbo*, 68 NY2d 373, 378 [1986]; *see Cipriano v Glen Cove Lodge #1458, B.P.O.E.*, 1 NY3d 53, 62-63 [2003]; *Lawrence v Miller*, 86 NY 131, 139-140 [1881]; *Micciche v Homes by Timbers, Inc.*, 18 AD3d 833, 833-834 [2005]; *cf. Carlson v Gardiner*, 171 AD2d 774, 776 [1991]). Contrary to the Supreme Court's conclusion, this rule applies even in the absence of a liquidated damages clause in the contract (*see Palmiotto v Mark*, 145 AD2d 549 [1988]; *see also Collar City Partnership I v Redemption Church of Christ of Apostolic Faith*, 235 AD2d 665, 665-667 [1997]; *Chateau D' If Corp. v City of New York*, 219 AD2d 205, 208-209 [1996]; *Fingerhut v Kralyn Enters.*, 71 Misc 2d 846 [Sup Ct, NY County 1971], *affd* 40 AD2d 595 [1972]), and does not require a showing of actual damages (*see Maxton Bldrs. v Lo Galbo*, 68 NY2d at 378). Therefore, the defendant's contention that he was entitled to summary judgment dismissing the complaint and directing the return of his down payment on the ground that, even if he defaulted, the plaintiff could not retain his down payment absent a liquidated damages clause or actual damages is without merit.

However, the plaintiff also failed to establish her prima facie entitlement to judgment as a matter of law on the complaint. The plaintiff failed to eliminate issues of fact as to whether the defendant defaulted on the contract, including whether she properly made time of the essence so as to permit her to hold the defendant in default under the contract (*see generally Point Holding, LLC v Crittenden*, 119 AD3d 918, 919-920 [2014];

*Nehmadi v Davis*, 63 AD3d 1125, 1127-1128 [2009]). Accordingly, the plaintiff's cross motion for summary judgment on the complaint was properly denied. Leventhal, J.P., Hall, Sgroi and Duffy, JJ., concur.