Defonte v Bockowski (2026 NY Slip Op 01766)

Defonte v Bockowski

2026 NY Slip Op 01766

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2021-02587
 (Index No. 150776/17)

[*1]Philip Defonte, et al., appellants, 
vElizabeth Bockowski, etc., et al., respondents.

Salvatore J. Sciangula, Windham, NY, for appellants.
Lecour Law, P.C., Staten Island, NY (Elina Lecour of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiffs appeal from an order of the Supreme Court, Richmond County (Kim Dollard, J.), dated August 25, 2020. The order, insofar as appealed from, granted that branch of the motion of Paula Bockowski which was for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In August 2016, Philip Defonte, as purchaser, and Paula Bockowski (hereinafter Paula), as seller, entered into a contract of sale for the purchase and sale of certain real property located in Staten Island. Section 8 of the contract of sale, entitled "Mortgage Commitment Contingency," stated, under Section 8(a), that Defonte's obligation to purchase the subject property was "conditioned upon issuance . . . of a written commitment from an Institutional Lender pursuant to which such Institutional Lender agrees to make a first mortgage loan to [Defonte], at [Defonte's] sole cost and expense, of $345,000 for a term of at least 25-30 years." Section 8(h) of the contract of sale further stated that if Paula "has not received a copy of a commitment from an Institutional Lender accepted by [Defonte] by the Commitment Date, [Paula] may cancel this contract by giving Notice to the plaintiff after the commitment date." The original "Commitment Date" under the contract of sale appears to have been October 9, 2016. On October 11, 2016, Defonte's application for a mortgage loan was denied. Thereafter, on November 22, 2016, Paula's real estate attorney notified Defonte's real estate attorney that Paula was exercising her right to cancel the contract of sale.
In January 2017, the plaintiffs, Defonte and Anthony Guglieri, entered into an amended contract of sale with Paula. Under the terms of the amended contract of sale, Guglieri was added to the agreement as a purchaser, and the commitment date for the obtainment of a written mortgage commitment was extended to February 10, 2017. The plaintiffs failed to provide Paula a written mortgage commitment by February 10, 2017, and, on March 22, 2017, Paula's real estate attorney informed the plaintiffs' real estate attorney that Paula was exercising her option to cancel the amended contract of sale.
Thereafter, in April 2017, the plaintiffs commenced this action, inter alia, for specific performance of the amended contract of sale and to recover damages for breach of contract. In June [*2]2020, Paula moved, among other things, for summary judgment dismissing the complaint. In an order dated August 25, 2020, the Supreme Court, inter alia, granted that branch of Paula's motion. The plaintiffs appeal. During the pendency of the appeal, Paula died. By decision and order on motion of this Court dated July 11, 2025, Elizabeth Bockowski and George Onuhoa, as administrators of Paula's estate, were substituted for Paula.
The Supreme Court properly granted that branch of Paula's motion which was for summary judgment dismissing the complaint. "[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (Greenfield v Philles Records, 98 NY2d 562, 569). "A mortgage contingency clause is construed to create a condition precedent to the contract of sale" (Chahalis v Roberta Ebert Irrevocable Trust, 163 AD3d 623, 624 [internal quotation marks omitted]). Here, Paula established, prima face, that the plaintiffs failed to obtain a written mortgage commitment by February 10, 2017, i.e., the date specified in the amended contract of sale. In opposition, the plaintiffs failed to raise a triable issue of fact as to whether Paula breached the amended contract of sale by exercising her right to cancel thereunder (see Toobe v Scarlato, 45 AD3d 759, 760; Gulotta v Ippolito, 296 AD2d 380; Goldport Props. v Taylor, 275 AD2d 761, 761-762). Since the plaintiffs failed to offer any credible evidence demonstrating that Paula had not rightfully exercised the option to cancel the amended contract of sale, Paula was entitled to judgment as a matter of law (see Toobe v Scarlato, 45 AD3d at 760; Gulotta v Ippolito, 296 AD2d 380).
The plaintiffs' remaining contention is improperly raised for the first time on appeal.
DILLON, J.P., CHAMBERS, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court