■ PARVIS FARAHZAD, Appellant, v MONOMETRICS CORPORATION et al., Respondents.—In an action to recover damages for breach of contract and for specific performance thereof, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Cannovo, J.), dated June 27, 1984, which granted the defendants' motion to dismiss his amended complaint.

Order modified, by deleting the provision thereof which granted that branch of the defendants' motion which was to

dismiss the third cause of action in the amended complaint and substituting therefor a provision denying that branch of the motion. As so modified, order affirmed, without costs or disbursements.

The instant action involves a contract executed by the plaintiff, as purchaser, and the defendants, as sellers, on October 11, 1983, for the sale of the premises formerly known as the Christian Avenue School located in Stony Brook, Suffolk County. The purchase price of the demised premises was $275,000. Pursuant to the terms of the parties' agreement, the plaintiff paid the sum of $15,000 as a down payment upon the execution of said contract. The contract also provided that a portion of the purchase price was to be paid by the plaintiff by assuming the obligation of an existing mortgage on the demised premises in the amount of $200,000. Since the existing mortgage contained a due-on-sale acceleration clause, the parties' contract was made contingent upon the seller procuring the existing mortgagee's permission to allow the plaintiff to assume the obligations of the $200,000 mortgage at the same 10% rate of interest. The contract provided further: *"In the event that said approval and consent has not been obtained within 45 days from the date hereof, then, and in that event, the purchaser may cancel this contract by delivering to the seller's attorney written notice to that effect within 10 days of being notified of the failure to obtain said consent from the mortgagee.* Upon such cancellation and the return of the downpayment to the purchaser, the parties shall be released of any further obligation hereunder" (emphasis added).

Following execution of the contract, the defendants allegedly sought permission of the mortgagee to allow the plaintiff to assume the existing $200,000 mortgage at the 10% interest rate. On or about October 26, 1983, the defendants' attorney was informed by the mortgagee's attorneys that the plaintiff could assume the existing mortgage but only upon the condition that the interest rate be increased from 10% to 12%. The defendants' attorney notified the plaintiff of that decision.

Subsequent to this discussion, the plaintiff advised the defendants that he was attempting to negotiate directly with the existing mortgagee in an effort to have the mortgagee reconsider the interest rate increase. These efforts proved futile. At some point thereafter, the plaintiff informed the defendants' counsel that he would proceed with the sale notwithstanding the increase in the original interest rate. On or about November 8, 1983, the plaintiff again contacted the defendants' counsel by telephone and indicated that the title search was

in the process of being completed and that he expected that the closing would take place on the scheduled November 15, 1983, date.

On the scheduled closing date, the defendant's counsel received a letter dated November 15, 1983, from the plaintiff stating:

"The above captioned matter was conditional in that the seller would be able to have the [existing] mortgage assumable at its original rate of interest.

"Since the seller was unable to do this, the purchaser hereby notifies you that he is rescinding the contract and requests that you return his down payment, all in accordance with the terms of the contract".

The plaintiff did not appear at the closing, although the defendants were ready, willing and able to convey title on that date.

Subsequently, the plaintiff informed the defendants' counsel by letter dated November 30, 1983, that he was interested in completing the transaction. The defendants refused the plaintiff's request.

In or about December 1983 the plaintiff instituted the instant action seeking specific performance of the contract and damages in the amount of $500,000 for breach of contract. As a third cause of action, the plaintiff sought the imposition of a lien on the defendants' interest in the demised premises in the sum of $15,000 representing his down payment on the premises. Under the terms of the parties' contract, the down payment paid by the plaintiff became a lien on the demised premises.

The defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7). In support of their motion, the defendants argued that the plaintiff's causes of action for specific performance and to recover damages for breach of contract must fail since the plaintiff had rescinded the contract on or about November 15, 1983, and the contract was no longer in effect. The defendants also argued that the plaintiff breached the contract, in any event, by failing to close on the scheduled date of November 15, 1983. In addition, the defendants argued that the plaintiff's cause of action seeking to impose a $15,000 lien on their interest in the demised premises must be dismissed since the plaintiff's letter of cancellation dated November 15, 1983, was untimely and, as a result, the plaintiff forfeited his right to the return of his $15,000 down payment. According to the defendants' interpretation of

the contract, the plaintiff had 10 days from the date of being notified of the mortgagee's refusal to permit assumption of the existing mortgage at the original interest rate within which to cancel the contract and seek return of his down payment. Since the plaintiff was notified on October 26, 1983, of the mortgagee's refusal to allow the assumption and the plaintiff's notice of cancellation was not sent until November 15, 1983, more than 10 days later, the defendants contended that the plaintiff was not entitled to the return of his $15,000 down payment.

Special Term granted the defendants' motion and dismissed the complaint in its entirety. We modify Special Term's order by reinstating the plaintiff's third cause of action to impose a $15,000 lien on the defendants' interest in the demised premises.

At the outset it is clear that Special Term properly dismissed the plaintiff's first and second causes of action. It is well established that a purchaser who, without breach by the seller, refuses to perform a contract for the purchase of real estate cannot recover against the seller on the contract where the seller was ready, willing and able to perform his part of the contract (see, Cooper v Bosse, 85 AD2d 616, 618). In this case, the plaintiff communicated with the defendants by letter on the scheduled closing date and indicated that he was rescinding the contract due to his inability to secure permission to assume the existing mortgage at the original interest rate. Even assuming that the purported rescission was invalid, the plaintiff's failure to appear at the scheduled closing on November 15, 1983, precludes him from seeking specific performance of the contract or recovering damages for breach thereof.

We conclude, however, contrary to Special Term, that the plaintiff's cause of action seeking to impose a $15,000 lien on the defendants' interest in the demised premises should not have been dismissed. The contractual clause providing for a 45-day period within which to secure the existing mortgagee's consent to the plaintiff's assumption of the existing mortgage is susceptible to varying interpretations. Thus the defendants, as indicated previously, interpret this provision as providing 45 days within which to obtain said financing and, if during that period, the plaintiff was informed that the mortgagee would not consent thereto, the plaintiff had 10 days from notification thereof to cancel the contract and request the return of his $15,000 down payment. Under this interpretation of the contract, the plaintiff's November 15, 1983 notice

of cancellation was untimely and the plaintiff should not be permitted to recover his down payment. However, the same clause may be interpreted as providing a 45-day period during which the defendants were to attempt to obtain the existing mortgagee's approval and an additional 10-day period within which the plaintiff could cancel the contract, if such approval was not obtained, and thus receive his $15,000 down payment back. Under this construction the 45-day period ended November 25, 1983, and the plaintiff had until December 5, 1983, to cancel the contract and receive his $15,000 back. Since the plaintiff canceled the contract within this deadline, he, arguably, would be entitled to recover his down payment. In view of this ambiguity in the contract's terms, dismissal of the plaintiff's third cause of action was inappropriate (see, Mallad Constr. Corp. v County Fed. Sav. & Loan Assn., 32 NY2d 285, 291; Yogurts Intl. v Grand Union Co., 92 AD2d 936; River Park Assoc. v Meyerbank Elec. Co., 116 AD2d 709). Mollen, P. J., Thompson, Niehoff and Eiber, JJ., concur.