■ THOMAS J. WELLS, Appellant, v JAMES C. MEADER et al., Respondents. [596 NYS2d 506] —Mahoney, J. Appeal from that part of an order of the Supreme Court (Brown, J.), entered May 29, 1992 in Saratoga County, which partially denied plaintiff's motion for summary judgment.

In May 1991, plaintiff entered into a contract to purchase defendants' interest in a lakefront home located in the Green Acres Settlement along Saratoga Lake in Saratoga County. While both parties were aware that defendants' interest in the property consisted of a 99-year lease of the realty and fee ownership of the buildings and other structures located thereon, they failed to take that fact into account when memorializing their agreement and wrote it on a standard form contract for the purchase and sale of realty, paragraph 12 of which required defendants to convey the premises to plaintiff by means of a warranty deed.

Several weeks into the contract, plaintiff evidently had second thoughts. When these uncertainties were conveyed by the realtor to defendants, they indicated a willingness to accept a release if proffered. However, this never came to pass as plaintiff ultimately decided to go forward with the purchase. When defendants learned of plaintiff's position they indicated that they had changed their minds about selling. Their subsequent unwillingness to honor their contractual obligations to sell prompted plaintiff's commencement of the instant action for breach of contract seeking, among other things, specific performance.

Following joinder of issue and the completion of some discovery, plaintiff moved for summary judgment. Supreme Court concluded that defendants did in fact breach the contract but denied the remedy of specific performance on grounds of inequity. While unclear, it appears the court based its decision in this regard upon the belief that the parties

bargained for the sale of a fee interest when only a leasehold interest was involved, thus necessitating the ordering of an abatement in the purchase price in the event specific performance was awarded, a result that the parties did not seek. In view of the foregoing, the court concluded that if specific performance were ordered "plaintiff would receive a very long-term interest, with all the enjoyment of ownership, effectively for a lifetime, for less than the parties bargained". Accordingly, it found plaintiff entitled to monetary damages only. Plaintiff appeals from so much of the order as denied specific performance.

Initially, we note that unlike Supreme Court, we discern no inequity which would preclude a decree of specific performance in this situation. Indeed, contrary to the court's apparent conclusion, the record is clear that both parties were well aware at the outset of negotiations of the nature of the interest involved and bargained the purchase price and terms accordingly. As such, far from plaintiff receiving an unwitting windfall as a result of awarding specific performance, he would obtain no more than that for which the parties had bargained.

We do, however, perceive a different impediment to an award of specific performance. In view of the well-established maxim that equity will not make what may prove to be a futile decree (see, S.E.S. Importers v Pappalardo, 53 NY2d 455, 464), entitlement to specific performance in an otherwise appropriate case is dependent upon a showing by the proponents that they are ready, willing and able to perform their obligations under the contract (see, e.g., Huntington Min. Holdings v Cottontail Plaza, 60 NY2d 997; Madison Invs. v Cohoes Assocs., 176 AD2d 1021, lv dismissed 79 NY2d 1040; 3M Holding Corp. v Wagner, 166 AD2d 580, 581-582; Zev v Merman, 134 AD2d 555, 557, affd 73 NY2d 781). Here, while plaintiff has indicated his willingness to waive certain contractual contingencies, it cannot be said that he is ready, willing and able inasmuch as his performance is also conditioned upon the obtaining of commitment for a FHA mortgage in the amount of $115,345 which he does not have and is not willing to waive. Clearly, this fact prevents issuance of an order compelling defendants to convey their interest to plaintiff (see, Contro v White, 176 AD2d 1052).

Nonetheless, because it is apparent from a reading of the record that plaintiff's inability to obtain formal mortgage commitment was not due to any fault of his but rather to defendants' unwillingness to permit access to the property for

the conducting of an inspection and appraisal by the lending institution which appraisal was a prerequisite to the issuance of commitment, we believe that ordering specific performance of defendants' obligations under the contract, notably their paragraph 15 obligation to permit access to the property to plaintiff or his agents for the purpose of performing any inspections required under the contract, is the appropriate remedy in this situation. Not only does this result prevent opponents from frustrating a proponent's specific performance rights by unilateral action, but it puts the parties back on equal footing. Accordingly, plaintiff is entitled to the same time period as that specified in the original contract to apply for and to obtain mortgage commitment. If same is obtained within the stated period or the contingency subsequently is waived, defendants then would be required to honor their obligation to convey their interest to plaintiff.

Weiss, P. J., Yesawich Jr., Casey and Harvey, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as denied plaintiff's request for specific performance; defendants ordered to specifically perform their contractual obligation to make the premises available for plaintiff's inspections and, in the event the mortgage contingency is satisfied or waived, defendants are ordered to convey their interest to plaintiff; and, as so modified, affirmed.