■ ROBERT M. SBORDONE, Appellant, v JOSEPH T. CLOUSE et al., Respondents. [616 NYS2d 209] —In an action to recover the down payment made on a real estate sales contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (Burrows, J.), dated December 23, 1992, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion is denied.

On or about August 29, 1991, the plaintiff entered into a contract with the defendants to purchase a condominium owned by the defendants. The contract was conditioned upon the plaintiff obtaining a mortgage commitment within 30 days of the agreement. The mortgage contingency clause also provided that the plaintiff was to "make immediate application for the aforesaid mortgage". The plaintiff submitted a completed application on or about September 27, 1991. When his application was denied, the plaintiff sought the return of his down payment.

It is well established that summary judgment will only be granted if there are no material and triable issues of fact *(see, Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404). Contrary to the contentions of the defendants, there is a genuine issue of fact as to whether the plaintiff made a good faith effort to comply with the mortgage contingency clause *(see, Cone v Daus,* 120 AD2d 788; *cf., Gasparino v Rigatti,* 160

AD2d 973). It was alleged that the plaintiff did not receive a fully executed contract of sale (which was required for the mortgage application), from the defendants until September 13, 1991, and that he had the first available appointment with the mortgage lender within six business days thereafter. Whether the plaintiff acted as promptly as he should have under the circumstances cannot be determined from the papers, and the resolution of the issue should await a trial. Thompson, J. P., Balletta, Krausman and Florio, JJ., concur.