■ ROBERT GASSMAN et al., Respondents-Appellants, v ARTHUR ROTHLEIN et al., Appellants-Respondents, et al., Defendants. [713 NYS2d 208] —In an action to recover the value of shares of stock held by the plaintiffs' decedent in a close corporation pursuant to the terms of a stock purchase agreement, (1) the defendants Arthur Rothlein and Joan Santini separately appeal, as limited by their respective briefs, from (a) so much of an order of the Supreme Court, Nassau County (Brucia, J.), dated August 28, 1991, as granted that branch of the plaintiffs' motion which was to vacate demands for bills of particulars, (b) so much of an order of the same court (Brucia, J.), dated October 5, 1992, as, upon renewal, granted that branch of the plaintiffs' motion which was to dismiss certain affirmative defenses asserted in their respective answers to the amended complaint, (c) stated portions of a judgment of the same court (McCarty, J.), entered February 17, 1999, and (d) stated portions of an amended judgment of the same court (McCarty, J.), entered May 10, 1999, which, *inter alia,* after a nonjury trial, is in favor of the plaintiffs and against the defendant Arthur Rothlein in the principal sum of $80,581.39 and the defendant Joan Santini in the principal sum of $54,795.35, and (2) the plaintiffs cross-appeal, as limited by their brief, from (a) so much of the order dated August 28, 1991, as denied

that branch of their motion which was for summary judgment dismissing the defendants' affirmative defenses, (b) so much of the order dated October 5, 1992, as, upon renewal, denied that branch of their motion which was to dismiss certain affirmative defenses asserted in the defendants' respective answers to the amended complaint, and (c) stated portions of the judgment and the amended judgment.

Ordered that the appeals and cross appeals from the orders are dismissed; and it is further,

Ordered that the appeals and cross appeals from the judgment are dismissed, as the judgment was superseded by the amended judgment; and it is further,

Ordered that the appeal by the defendant Joan Santini from so much of the amended judgment as was in favor of the plaintiffs and against the defendant Arthur Rothlein is dismissed, as the defendant Joan Santini is not aggrieved by that portion of the amended judgment (see, CPLR 5511); and it is further,

Ordered that the appeal by the defendant Arthur Rothlein from so much of the amended judgment as was in favor of the plaintiffs and against the defendant Joan Santini is dismissed as the defendant Arthur Rothlein is not aggrieved by that portion of the amended judgment (see, CPLR 5511); and it is further,

Ordered that the amended judgment is affirmed insofar as reviewed; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The appeals and cross appeals from the intermediate orders must be dismissed because the right of direct appeal and cross appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals and cross appeals from the orders are brought up for review and have been considered on the appeals and cross appeals from the amended judgment (see, CPLR 5501 [a] [1]).

It is well established that the interpretation of a contract is a matter of law for the court (see, 805 Third Ave. Co. v M.W. Realty Assocs., 58 NY2d 447). Whether a contract is clear or ambiguous is for the court to determine as a matter of law (WWW Assocs. v Giancontieri, 77 NY2d 157). The court here did not err in finding that the instant contract was not ambiguous. The contract provided that, in order to ensure continuity in the ownership and management of a close corporation, the surviving shareholders would purchase the shares of any

deceased shareholder at $22,000 a share. As the Supreme Court correctly found, the parties' agreement did not reflect an intention that the procurement of life insurance was a condition precedent to the surviving shareholders' obligation to purchase the decedent's shares (*see, e.g., Manning v Michaels,* 149 AD2d 897; *see also, Pine v Okoniewski,* 256 App Div 519, 521).

The parties' remaining contentions are without merit. Bracken, J. P., Ritter, Altman and Feuerstein, JJ., concur.