■ 1550 FIFTH AVENUE BAY SHORE, LLC, Respondent, v 1550 FIFTH AVENUE, LLC, et al., Appellants, et al., Respondents. [748 NYS2d 601]

In August 1998 the defendant 1550 Fifth Avenue, LLC (here-inafter the seller), entered into a contract to sell its property to the plaintiff 1550 Fifth Avenue Bay Shore, LLC (hereinafter the purchaser), which is owned by the plaintiff Vincent Trepani. The contract provides, "This contract is subject to and conditioned upon the Purchaser obtaining a firm written com-mitment from a reputable bank or other lending institution licensed to do business in the State of New York * * * within 45 days from the date hereof * * * In the event that * * * a firm written commitment from the bank or lending institution is not obtained within 45 days hereof, then either party may cancel this contract upon 5 days written notice, and upon return of all monies paid hereunder this agreement shall be null and void."

Thereafter, the purchaser obtained a mortgage commitment from Fleet Bank which was "subject to," inter alia, an environmental assessment of the premises. However, well after the 45-day period had expired, the seller still had not received any communication from the plaintiffs regarding their progress in obtaining a firm written commitment. Accordingly, it cancelled the contract and returned the purchaser's down payment. At the same time, the seller suggested that if the purchaser in fact had a firm written commitment, the purchaser should deliver it to the seller along with the down payment, and the parties could proceed to closing.

In response, the purchaser tendered its purported "firm mortgage commitment," and informed the seller that Fleet Bank still had not completed the environmental assessment and in fact awaited further testing of the premises. Taking the

position that the tendered commitment was not a "firm" commitment within the meaning of the contract, the seller then cancelled the contract and conveyed the premises to the defendant 1550 Bayshore Corp., which obtained a mortgage from the defendant Associated Food Stores (hereinafter AFS).

The purchaser and Trepani commenced this action against, among others, the seller, 1550 Bayshore Corp. and AFS. The seller moved, inter alia, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and 1550 Bayshore Corp. and AFS also moved for summary judgment. The Supreme Court denied the motions, finding that there are triable issues of fact. We disagree. The interpretation of a contract is a matter of law for the court (*see 805 Third Ave. Co. v M.W. Realty Assoc.,* 58 NY2d 447; *Gassman v Rothlein,* 275 AD2d 731). Where the language of a contract is unambiguous, "its interpretation is a matter of law and effect must be given to the intent of the parties as reflected by the express language of the agreement" (*Riley v South Somers Dev. Corp.,* 222 AD2d 113 [internal quotation marks omitted]). The meaning of the term "firm written commitment" is unambiguous (*see Finkelman v Wood,* 203 AD2d 236; *Kressel, Rothlein & Roth v Gallagher,* 155 AD2d 587; *Weaver v Hilzen,* 147 AD2d 634). In opposition, the plaintiffs failed to raise a triable issue of fact.

The Supreme Court also erred in finding that triable issues of fact preclude dismissal of the plaintiffs' cause of action to recover damages for fraud. The plaintiffs' verified complaint fails to provide details regarding the alleged fraud, as required by CPLR 3016 (b). In any event, the seller made a prima facie showing that its conveyance of the premises to the defendant 1550 Bayshore Corp. was arms-length and not fraudulent. In opposition, the plaintiffs failed to submit any evidence of the alleged fraud, as they were bound to do (*see Alvarez v Prospect Hosp.,* 68 NY2d 320).

Thus, the Supreme Court should have granted the motion and cross motion and dismissed the complaint insofar as asserted against the seller, 1550 Bayshore Corp., and AFS.

The plaintiffs' contention that the seller should be estopped from cancelling the contract is raised for the first time on appeal and we decline to consider it (*see Snyder v Wetzler,* 84 NY2d 941; *Antler v Jamaica 163 Location Corp.,* 241 AD2d 437; *Gordon v Patchogue Surgical Co.,* 222 AD2d 651). Altman, J.P., Florio, O'Brien and H. Miller, JJ., concur.