■ NUZZI FAMILY LIMITED LIABILITY COMPANY, Appellant, v NATURE CONSERVANCY, INC., Defendant, and NEW YORK STATE

DEPARTMENT OF ENVIRONMENTAL CONSERVATION, Respondent. [758 NYS2d 364] —In an action, inter alia, pursuant to RPAPL article 15 to compel the determination of claims to real property, the plaintiff appeals from so much of (1) an order of the Supreme Court, Suffolk County (Floyd, J.), dated March 29, 2002, as, upon granting the motion of the defendant New York State Department of Environmental Conservation for leave to renew that branch of its prior motion which was for summary judgment on its counterclaim to compel specific performance of a contract for the sale of real property, granted that branch of the motion, and (2) a judgment of the same court, dated July 17, 2002, as, upon the order, dismissed the complaint and is in favor of the defendant New York State Department of Environmental Conservation and against it on the counterclaim, directing it to convey the subject to property to the State of New York.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Before specific performance of a contract for the sale of real property may be granted, a purchaser must demonstrate that it was ready, willing, and able to perform on the original law day or, if time is not of the essence, on a subsequent date fixed by the parties or within a reasonable time thereafter (*see Goller Place Corp. v Cacase,* 251 AD2d 287 [1998]; *Provost v Off Campus Apts. Co., II,* 211 AD2d 850, 851 [1995]). The defendant New York State Department of Environmental Conservation (hereinafter the DEC) established its prima facie entitlement to judgment as a matter of law since it demonstrated that it was ready, willing, and able to close the sale (*see Goller Place Corp., supra*). In opposition, the plaintiff seller failed to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]). Neither the contract nor the circumstances surrounding its execution indicated that time was of the essence, and independent notice that time was of the essence was never given (*see Spence v Curry,* 126 AD2d 632, 633 [1987]). Furthermore, contrary to the plaintiff's contention, the

contract did not contain a condition precedent that its validity or the plaintiff's performance under the contract required its assignment to the DEC by a date certain (see *W.W.W. Assoc. v Giancontieri,* 77 NY2d 157, 162 [1990]; *Teitelbaum Holdings v Gold,* 48 NY2d 51, 56 [1979]).

The plaintiff's remaining contentions are without merit. Feuerstein, J.P., H. Miller, Townes and Rivera, JJ., concur.