■ NICHOLAS E.S. SIBINGA et al., Respondents, v ANN M. IN-GENITO et al., Appellants. [761 NYS2d 843] —In an action, inter

alia, for the return of a down payment on a contract for the sale of real property, the defendants appeal from a judgment of the Supreme Court, Rockland County (Sherwood, J.), dated July 9, 2002, which, upon an order of the same court dated March 14, 2002, granting the plaintiffs' motion for summary judgment and denying their motion to vacate a lis pendens, is in favor of the plaintiffs and against them in the principal sum of $130,000.

Ordered that the judgment is reversed, on the law, with costs, so much of the order dated March 14, 2002, as granted the plaintiffs' motion for summary judgment is vacated, and that motion is denied.

The parties entered into a contract whereby the defendants were to sell certain real property to the plaintiffs. The mortgage contingency clause of the contract provided that within seven days of receipt of a fully-executed contract of sale, the plaintiffs were to apply diligently and in good faith for a mortgage commitment from a "lending institution, registered mortgage broker or licensed mortgage banker" in the amount of $700,000, repayable over 30 years, with interest at the prevailing rate. In the event the plaintiffs did not receive that commitment by June 30, 2001, after diligence and the exercise of good faith, then the contract could be cancelled by either party.

The plaintiffs planned to satisfy their obligation by splitting the $700,000 between two lenders, one of which was the plaintiff Nicholas E.S. Sibinga's employer, Yeshiva University. With a letter dated June 5, 2001, the plaintiffs' counsel sent a $130,000 down payment to the defendants' attorney, as well as copies of the sales contract, which the plaintiffs had executed. In addition, the letter purported to confirm the plaintiffs' understanding that their obligation under paragraph 15 of the contract was "subject to, and contingent upon," their obtaining a first mortgage in the amount of $350,000 from a lending institution, and a second mortgage for the $350,000 balance from Yeshiva University. Subsequent correspondence from the plaintiffs' counsel also referred to their financing plan. The plaintiffs claim that the defendants' counsel did not object, or even respond, to that plan.

The defendants' counsel sent two fully-executed copies of the contract of sale to the plaintiffs' counsel by mail on June 18, 2001. On July 16, 2001, the plaintiffs obtained a commitment for $350,000 from one lender, but this commitment was conditioned upon them obtaining a commitment for the other $350,000 from Yeshiva University. Thereafter, the plaintiffs applied for their second mortgage. On August 10, 2001, Yeshiva

University denied their application. The plaintiffs declared the contract void, and when their demand for the return of their down payment was rejected, this litigation ensued.

The plaintiffs failed to make a prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). There are issues of fact as to whether the plaintiffs breached the contract by failing to comply with the mortgage contingency clause (*see Katz v Simon,* 216 AD2d 270 [1995]; *Sbordone v Clouse,* 207 AD2d 337 [1994]), and whether the defendants should be estopped from claiming that the plaintiffs' alleged breach entitled them to retain the down payment (*see Besicorp Group v Enowitz,* 235 AD2d 761 [1997]). Ritter, J.P., Friedmann, H. Miller and Townes, JJ., concur.