■ TODD M. MIRANDA et al., Respondents, v JAY CONSTRUCTION CORPORATION, Appellant. [767 NYS2d 799]—

In an action, inter alia, to recover damages for breach of contract, and for specific performance of a contract to sell real property, the defendant appeals from an order of the Supreme Court, Suffolk County (Cohalan, J.), entered December 13, 2002, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

We agree with the defendant seller that the two mortgage commitments obtained by the plaintiff purchasers failed to comply with the requirements of the contract's mortgage contingency clause, since they were both for a greater amount than permitted by that clause, and were conditional, and therefore not "firm," as required by the contract (*see 1550 Fifth Ave. Bay Shore v 1550 Fifth Ave.,* 297 AD2d 781, 783 [2002]; *Post v Mengoni,* 198 AD2d 487 [1993]; *Silva v Celella,* 153 AD2d 847, 848 [1989]).

We nevertheless affirm the denial of the motion for summary judgment because a triable issue of fact exists as to whether the conduct of the defendant seller evinced an intent to waive the right to cancel the contract based on the plaintiff purchasers' failure to strictly comply with the requirements of the mortgage contingency clause (*see Sibinga v Ingenito,* 306 AD2d 457 [2003]; *Ehrenpreis v Klein,* 260 AD2d 532 [1999]; *Kaufman v Haverstraw Rd. Lands,* 158 AD2d 675 [1990]; *Gresser v Princi,* 128 AD2d 752 [1987]). McGinity, J.P., Luciano, Schmidt and Rivera, JJ., concur.