■ SUSANA CHAVEZ, Appellant, v ELI HOMES, INC., Respondent. JOSE FAJARDO et al., Nonparty Respondents. [777 NYS2d 181]—

In an action, inter alia, to compel specific performance of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Jackson, J.), dated May 6, 2003, which granted the defendant's cross motion for summary judgment dismissing the complaint and denied, as academic, those branches of her motion which were to join Jose Fajardo and Cambridge Home Capital, LLC, as defendants and

for leave to serve and file a supplemental summons and amended complaint, and file an amended notice of pendency.

Ordered that the order is reversed, on the law, with one bill of costs payable by the defendant-respondent, the cross motion is denied, the complaint is reinstated, those branches of the motion which were to join Jose Fajardo and Cambridge Home Capital, LLC, as defendants and for leave to serve and file a supplemental summons and amended complaint and file an amended notice of pendency are granted, and the plaintiff shall serve and file the supplemental summons and amended complaint and file the amended notice of pendency within 30 days after service on her of a copy of this decision and order.

On November 1, 2001, the parties entered into a contract whereby the defendant agreed to sell and the plaintiff agreed to purchase certain real property in Brooklyn. Upon the signing of the contract, the plaintiff gave a $20,000 down payment deposit. The contract contained a mortgage contingency clause which provided that the contract was "subject to" the plaintiff obtaining a "conventional, adjustable, variable or renegotiable mortgage loan in the principal amount of $346,500." This provision further stated that the plaintiff "shall immediately make application to an institutional lender for said mortgage" and forward a "written firm commitment" within 45 days of receipt of a fully executed contract. Additionally, the contract provided that "[i]f such commitment is not issued on or before the Commitment Date . . . either party may cancel this contract by giving Notice to the other party within five (5) business days after Commitment Date."

Upon the plaintiff's request, the defendant agreed to extend the plaintiff's time to obtain the commitment until January 15, 2002. On December 28, 2001, Lend-Mor Mortgage Bankers Corp. issued a written mortgage commitment for a Federal Housing Administration (hereinafter FHA) first mortgage. This commitment, however, was "subject to" the plaintiff's compliance with 26 conditions. On January 15, 2002, the plaintiff's attorney forwarded a copy of this commitment to the defendant. On February 11, 2002, the defendant canceled the contract due to the plaintiff's failure to obtain a "firm" mortgage commitment and returned the plaintiff's down payment deposit. On February 14, 2002, the plaintiff's attorney rejected the cancellation of the contract and returned the down payment deposit to the defendant's attorney.

In April 2002 the plaintiff commenced this action seeking to compel specific performance of the contract, or alternatively, to recover money damages. A notice of pendency was filed on April

15, 2002. On July 31, 2002, the defendant allegedly conveyed the property to Jose Fajardo, with Cambridge Home Capital, LLC, financing the sale of the property.

The plaintiff then moved, inter alia, to join Jose Fajardo and Cambridge Home Capital, LLC, as defendants in its action, and for leave to serve and file a supplemental summons and amended complaint, and file an amended notice of pendency. The defendant cross-moved for summary judgment dismissing the complaint. The Supreme Court granted the defendant's cross motion and denied, as academic, those branches of the plaintiff's motion. We reverse.

The commitment obtained by the plaintiff was not a firm mortgage commitment (*see Miranda v Jay Constr. Corp.*, 2 AD3d 420 [2003]; *1550 Fifth Ave. Bay Shore v 1550 Fifth Ave.*, 297 AD2d 781 [2002]; *Kressel, Rothlein & Roth v Gallagher*, 155 AD2d 587, 588 [1989]), and was not for a "conventional" mortgage loan (*see* 1 Mortgages and Mortgage Foreclosure in NY §§ 3:4, 15:3, 15:6). However, the defendant failed to timely exercise its right to cancel the contract by giving notice to the plaintiff within the five business days specifically prescribed therein (*see Maxton Bldrs. v Lo Galbo*, 68 NY2d 373, 378 [1986]). Thus, the defendant was not entitled to summary judgment dismissing the complaint.

Those branches of the plaintiff's motion which were to join Jose Fajardo and Cambridge Home Capital, LLC, as defendants and for leave to serve and file a supplemental summons and amended complaint, and file an amended notice of pendency should have been granted (*see* CPLR 1001).

However, to the extent that the plaintiff claims that this Court should search the record and grant her summary judgment on her cause of action for specific performance, the plaintiff is not entitled to such relief. Before specific performance of a contract for the sale of real property may be granted, a plaintiff must demonstrate that he or she was ready, willing, and able to perform on the original law day or, if time is not of the essence, on a subsequent date fixed by the parties or within a reasonable time thereafter (*see Nuzzi Family Ltd. Liab. Co. v Nature Conservancy*, 304 AD2d 631, 632 [2003]; *Ferrone v Tupper*, 304 AD2d 524, 525 [2003]; *Ober v Bey*, 266 AD2d 441 [1999]; *Goller Place Corp. v Cacase*, 251 AD2d 287, 288 [1998]). The plaintiff did not demonstrate that she was ready, willing, and able to perform.

Finally, there are issues of fact as to whether the plaintiff is entitled to reclaim her down payment (*see Sibinga v Ingenito*, 306 AD2d 457, 459 [2003]; *Sbordone v Clouse*, 207 AD2d 337 [1994]). Santucci, J.P., Florio, Schmidt and Rivera, JJ., concur.