DEBRA A. EVES, Appellant, v TRACEY A. BUREAU, as Executor of ALTA B. BEAN, Deceased, et al., Defendants and Third-Party Plaintiffs-Respondents. DANIEL MADDEN, Third-Party Defendant-Respondent, et al., Third-Party Defendants. [788 NYS2d 211]—

Spain, J. Appeal from an order of the Supreme Court (Sise, J.), entered October 21, 2003 in Warren County, which, inter alia, granted a motion by Alta B. Bean, defendant Robert E. Tompkins and third-party defendant Daniel Madden for summary judgment dismissing the complaint.

On October 1, 2002, plaintiff entered into a contract with Alta B. Bean,* through her attorney-in-fact, defendant Robert E. Tompkins, to purchase a parcel of real property in the Town of Horicon, Warren County, for $162,000. The contract contained, among other provisions, a mortgage contingency clause which provided, in relevant part, that the contract "is contingent upon [plaintiff] obtaining a first mortgage commitment from a lending institution in the amount of . . . ($112,000) within four weeks of the signing of this contract by both parties," i.e., by October 29, 2002. The clause further provided that plaintiff agreed to make a good faith application for such mortgage and that if approval is not obtained in the four weeks, "then either

---

* During the pendency of this action, Bean, a named defendant, died and defendant Tracey A. Bureau was appointed as executor of her estate.

party may terminate this contract by written notice to the other." Plaintiff obtained a conditional mortgage commitment letter for $217,998 from Wells Fargo Home Mortgage, Inc. dated October 24, 2002 that contained closing conditions and incorporated an attached list of "approval conditions" which plaintiff was required to satisfy prior to closing. For example, "an acceptable work write up . . . in the amount of $66,475.00," necessary permits, and an escrow for repairs were required, as was an appraisal report indicating a value of $250,000 (the purchase price was $162,000). By letter dated November 1, 2002, an attorney for Bean and Tompkins notified plaintiff's attorney that they elected to terminate the contract due to plaintiff's failure to obtain a binding mortgage commitment within the specified four-week period.

Bean and Tompkins thereafter entered into a contract with third-party defendant Daniel Madden to sell the parcel for $189,000 but, prior to the closing, plaintiff commenced the instant action for breach of contract, seeking specific performance (or damages), contending that the October 24, 2002 mortgage commitment letter satisfied the contractual mortgage contingency clause. Bean and Tompkins answered and commenced a third-party action against the listing real estate agency, its brokers and Madden, the contract vendee. Madden, joined by Bean and Tompkins, thereafter moved for summary judgment dismissing plaintiff's complaint and plaintiff cross-moved for summary judgment seeking specific performance. Supreme Court granted the motion by Bean, Tompkins and Madden and denied plaintiff's cross motion. On appeal, plaintiff challenges both summary judgment rulings, and we affirm.

Supreme Court correctly determined that the Wells Fargo October 24, 2002 conditional commitment letter was not a firm mortgage commitment as required by the contract, and that Bean and Tompkins properly exercised Bean's right to cancel the contract under the clear terms of the contract (see Chavez v Eli Homes, 7 AD3d 657, 658 [2004]; Miranda v Jay Constr. Corp., 2 AD3d 420 [2003]; 1550 Fifth Ave. Bay Shore v 1550 Fifth Ave., 297 AD2d 781 [2002], lv denied 99 NY2d 505 [2003]; Munson v Germerican Assoc., 224 AD2d 670, 671 [1996]; Lindenbaum v Royco Prop. Corp., 165 AD2d 254, 258 [1991]; Kressel, Rothlein & Roth v Gallagher, 155 AD2d 587 [1989]; Livoti v Mallon, 81 AD2d 533 [1981], lv denied 54 NY2d 601 [1981]). As such, Bean and Tompkins, along with Madden, met their burden of demonstrating entitlement to summary judgment (see Ferrante v American Lung Assn., 90 NY2d 623, 630 [1997]).

In opposition to the motion and in support of her own cross

motion, plaintiff, for the first time, relied upon and submitted an October 28, 2002 commitment letter from Wells Fargo which she argued satisfied the contractual mortgage contingency clause and entitled her to specific performance. However, none of the copies of that letter in the record are signed by a Wells Fargo agent. More problematic, plaintiff's complaint, which was never amended, is devoid of any reference to this purported second mortgage commitment letter; thus, plaintiff's claim for specific performance, which is premised solely upon the ground that the October 24, 2002 letter fulfilled the mortgage contingency clause, cannot prevail or be saved by reliance on that alleged October 28, 2002 commitment letter. Further, the October 28 letter is facially incomplete, containing unexplained, qualifying references at the end identical to the October 24 commitment letter, i.e., "see attached page for approval conditions," although no attachment to the latter letter is included, unlike the earlier letter. As with the October 24 letter, the October 28 letter is not the binding, firm commitment letter required to satisfy the contractual mortgage contingency clause (*see Chavez v Eli Homes, supra*; *Munson v Germerican Assoc., supra*; *Lindenbaum v Royco Prop. Corp., supra*).

Accordingly, we find that Supreme Court properly denied plaintiff's cross motion and awarded Bean, Tompkins and Madden summary judgment dismissing the complaint.

Mercure, J.P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with one bill of costs.