■ OLUWATOYOSI E. DAIRO, Appellant, v ROCKAWAY BLVD. PROPERTIES, LLC, Respondent. [843 NYS2d 642]—

In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Price, J.), dated August 11, 2006, as denied that branch of her motion which was for summary judgment on the cause of action for specific performance.

Ordered that the order is affirmed insofar as appealed from, with costs.

Before specific performance of a contract for the sale of real property may be awarded, a plaintiff must demonstrate that he or she was ready, willing, and able to perform on the original law day or, if time is not of the essence, on a subsequent date fixed by the parties or within a reasonable time thereafter (see Chavez v Eli Homes, Inc., 7 AD3d 657, 659 [2004]; Ferrone v Tupper, 304 AD2d 524, 525 [2003]). The plaintiff must make this showing regardless of whether the defendant was able to convey the property in accordance with the terms of the contract (see Huntington Min. Holdings v Cottontail Plaza, 60 NY2d 997, 998 [1983]; City Ownership v Giambrone, 5 AD3d 529 [2004]; Zelmanovitch v Ramos, 299 AD2d 353, 354 [2002]). Here, the plaintiff failed to satisfy her prima facie burden of establishing her entitlement to judgment as a matter of law in that she failed to demonstrate that she had the financial capacity to purchase the subject property (see Singh v Gopaul, 26 AD3d 370 [2006]; Tsabari v Haye, 13 AD3d 360 [2004]). The plaintiff did not obtain a "commitment" under the contract of sale as the approval of her mortgage application was conditioned upon a written appraisal satisfactory to the lending institution (see Eves v

*Bureau,* 13 AD3d 1004, 1005 [2004]; *1550 Fifth Ave. Bay Shore v 1550 Fifth Ave.,* 297 AD2d 781, 782-783 [2002]; *Lindenbaum v Royco Prop. Corp.,* 165 AD2d 254, 258 [1991]). While the plaintiff alleges that the defendant frustrated her attempt to obtain a "commitment" by denying the appraiser access to the property (*see Wells v Meader,* 192 AD2d 827, 828-829 [1993]), she failed to submit evidence in admissible form demonstrating as much (*see* CPLR 3212 [b]; *Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). Accordingly, the plaintiff was not entitled to summary judgment on her cause of action for specific performance. Schmidt, J.P., Rivera, Krausman and Florio, JJ., concur.