■ RICHARD J. KRAININ et al., Respondents, v JOHN J. MC-CUSKER et al., Appellants, et al., Defendant. [846 NYS2d 312]—

In an action to recover the down payment on a contract for the sale of real property, the defendants John J. McCusker and Marisa M. McCusker appeal from a judgment of the Supreme Court, Nassau County (Alpert, J.), entered August 14, 2006, which, upon the granting of the plaintiffs' motion for summary judgment on the complaint and the denial of their cross motion for summary judgment dismissing the complaint, is in favor of the plaintiffs and against them in the principal sum of $85,700.

Ordered that the judgment is affirmed, with costs.

As the plaintiffs correctly contend, the printout of an "Underwriting Report" from the website of a mortgage lender, which was not reduced to writing and issued to the plaintiffs, was not signed by any representative of the lender, contained no language of commitment, and contained no unequivocal

promise, conditional or otherwise, to finance the proposed real property purchase if certain conditions were met, did not constitute a commitment in accordance with the terms of the mortgage contingency clause of the parties' contract of sale (*see generally Eves v Bureau*, 13 AD3d 1004, 1005 [2004]; *Mark Andrew of Palm Beaches, Ltd. v GMAC Commercial Mtge. Corp.*, 265 F Supp 2d 366, 380 [2003], *affd* 96 Fed Appx 750 [2004]). Accordingly, since no commitment was procured by the plaintiffs within the period provided for in the contract, the Supreme Court properly granted summary judgment in favor of the plaintiffs for the return of their down payment.

The appellants' remaining contentions are either improperly raised for the first time on appeal (*see Lynford v Williams*, 34 AD3d 761 [2006]; *Sarva v Chakravorty*, 34 AD3d 438 [2006]; *Festinger v Edrich*, 32 AD3d 412 [2006]) or without merit. Santucci, J.P., Lifson, Covello and McCarthy, JJ., concur.