■ Solomon Weiss et al., Respondents, v Irene Feldbrand, Appellant. [854 NYS2d 740]—

In an action, inter alia, for specific performance of a contract for the sale of real property, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Dabiri, J.), dated February 10, 2006, as denied those branches of her motion which were for summary judgment dismissing the complaint and to vacate a lis pendens and, in effect, denied that branch of her motion which was for summary judgment on her counterclaim, and granted that branch of the plaintiffs' cross motion which was for summary judgment directing specific performance of the contract.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiffs' cross motion which was for summary judgment directing specific performance of the contract and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Before specific performance of a contract for the sale of real property may be granted, a buyer must demonstrate that it was ready, willing, and able to perform (*see Dairo v Rockaway Blvd. Props., LLC,* 44 AD3d 602 [2007]; *Chavez v Eli Homes, Inc.,* 7 AD3d 657, 659 [2004]; *Nuzzi Family Ltd. Liab. Co. v Nature Conservacy,* 304 AD2d 631, 632 [2003]). Here, the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law, as they did not obtain a mortgage commitment and their assertion that a relative could supply the funds necessary to close was not substantiated by any documentary evidence (*see Chernow v Chernow,* 39 AD3d 684, 686 [2007]; *Aliperti v Laurel Links, Ltd.,* 27 AD3d 675, 676 [2006]; *Internet Homes, Inc. v Vitulli,* 8 AD3d 438, 439 [2004]). Moreover, the plaintiffs failed to show that they properly demanded performance of the contract of sale on a specific day (*see Decatur [2004] Realty, LLC v Cruz,* 30 AD3d 367 [2006]; *Cave v Kollar,* 296 AD2d 370 [2002]). Accordingly, the Supreme Court should have denied that branch of the plaintiffs' cross motion which was for summary judgment directing specific performance of the contract.

The parties' remaining contentions are without merit. Fisher, J.P., Angiolillo, Balkin and Leventhal, JJ., concur.