■ RONALD ZELLNER et al., Respondents, v PAUL TARNELL et al., Appellants. [885 NYS2d 745]—

In an action, inter alia, to recover damages for breach of a contract for the sale of real property, the defendants appeal from an order of the Supreme Court, Westchester County (Loehr, J.), entered December 5, 2008, which granted the plaintiffs' motion for summary judgment awarding them the down payment as liquidated damages under the contract, and, in effect, denied that branch of their cross motion which was for summary judgment on their first counterclaim for the return of the down payment.

Ordered that the order is reversed, on the law, with costs, the plaintiffs' motion is denied, and that branch of the defendants' cross motion which was for summary judgment on the first counterclaim is granted.

The plaintiffs entered into a contract to sell residential real property in Westchester County to the defendants. The contract

contained a mortgage commitment contingency clause. Paragraph five of the second rider to the contract stated, in pertinent part, "[n]otwithstanding anything in this Agreement to the contrary, Purchaser's obligations hereunder are contingent upon its receipt of a written mortgage commitment . . . in the mortgage amount stated in this agreement within 30 days from the date Purchaser receives fully executed contracts of sale (a mortgage commitment shall be deemed binding if it contains only conditions that are within the control of the Purchaser) . . . If Purchaser does not procure said commitment in that time, either party may cancel this agreement without any time limitation." On April 13, 2007, the defendants' attorney faxed a letter to the plaintiffs' attorney, with a cover sheet stating, "[p]lease see attached regarding the above referenced." Accompanying this cover letter was what the plaintiffs characterize as a mortgage commitment letter issued by American Home Mortgage to the defendants. Subsequently, the plaintiffs scheduled a closing, but the defendants purported to cancel the agreement. After commencing this action, inter alia, to recover damages for breach of contract for the sale of real property, the plaintiffs moved for summary judgment awarding them the down payment as liquidated damages under the contract. The defendants cross-moved for summary judgment on their two counterclaims. The Supreme Court determined that the letter at issue was, in fact, a binding mortgage commitment, that when the defendants failed to close on the subject property, they were in breach of contract, and, pursuant to the contract, the plaintiffs were entitled to retain the down payment as liquidated damages. We reverse.

Whether or not the letter constituted a mortgage commitment letter, a point disputed by the parties, it contained at least one condition not within the control of the defendants. The letter stated that the mortgage commitment "may be withdrawn or revoked at any time for any of the following reasons . . . there is a change in the facts stated in the mortgage application, the documents in support thereof, or the credit report." A change in the facts stated in a credit report is not a condition wholly within the defendants' control. Thus, the mortgage commitment was not binding under the terms of the contract, specifically the second rider thereto (*cf. Krainin v McCusker*, 45 AD3d 738, 738-739 [2007]; *Eves v Bureau*, 13 AD3d 1004, 1005 [2004]; *Chavez v Eli Homes, Inc.*, 7 AD3d 657, 659 [2004]; *Lindenbaum v Royco Prop. Corp.*, 165 AD2d 254, 259 [1991]). Since the defendants did not procure a binding mortgage commitment within the time specified, they were within their rights under the contract in canceling the agreement, and were not in

breach when they did so. Therefore, the plaintiffs failed to establish their prima facie entitlement to summary judgment, and the Supreme Court should have denied their motion (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). For the same reasons, the defendants established their entitlement to summary judgment on their first counterclaim, by which they sought the return of their down payment. In opposition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

To the extent that the defendants raise any issues regarding that branch of their cross motion which was for summary judgment on their second counterclaim, we note that such issues are not properly before us. As that branch of the defendants' motion was not addressed by the Supreme Court, it remains pending and undecided (*see True v True*, 63 AD3d 1145, 1148-1149 [2009]; *George v Marshalls of MA, Inc.*, 61 AD3d 925, 931 [2009]; *Katz v Katz*, 68 AD2d 536 [1979]).

The parties' remaining contentions are without merit. Spolzino, J.P., Miller, Angiolillo and Dickerson, JJ., concur.