■ JOHN RUSTUM et al., Respondents, v CAMILA A. PINTO, Appellant, et al., Defendant. [932 NYS2d 699]—

The court properly granted plaintiffs' motion, because, in giving effect to the plain meaning of the unambiguous contract language (*see Bailey v Fish & Neave*, 8 NY3d 523, 528 [2007]), it found that plaintiffs were unsuccessful in obtaining a "Loan Commitment Letter," within the meaning of the parties' contract of sale. Plaintiffs properly cancelled the contract, since paragraph 18.3.1.3 authorized them to cancel the contract if a loan commitment letter contained unmet conditions not concerning plaintiffs. Here, the commitment letter was conditional upon two requirements that were within the control of the lender (*see Zellner v Tarnell*, 65 AD3d 1335 [2009]; *Kapur v Stiefel*, 264 AD2d 602, 603 [1999]). Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Acosta and Abdus-Salaam, JJ.