■ 2 OLD, LLC, et al., Appellants, v JON MAYER et al., Respondents. [935 NYS2d 58]—

Where a contract for the sale of real property contains a mortgage contingency clause, "[a]s long as purchasers exert a genuine effort to secure mortgage financing and act in good faith, they are entitled to recover their down payment if the mortgage is not in fact approved through no fault of their own"

(*Sciales v Foulke*, 217 AD2d 693, 694 [1995]; *see Companion v Touchstone*, 88 NY2d 1043, 1045 [1996]). The subject mortgage contingency clauses required that the plaintiffs seek "conventional mortgage[s]," and the plaintiffs did not establish, as a matter of law, that it would be impossible for a self-directed, independent individual retirement account to secure a "conventional" mortgage loan (*see* 26 USC § 4975 [a], [b], [c] [3]; § 408 [e] [2] [A]). As such, the plaintiffs failed to meet their prima facie burden of demonstrating that they acted in good faith in their pursuit of financing, and that their failure to obtain approval for mortgage loans according to the terms of the contract riders was through no fault of their own (*see Chavez v Eli Homes, Inc.*, 7 AD3d 657, 658 [2004]; *Sibinga v Ingenito*, 306 AD2d 457, 459 [2003]).

The plaintiffs' remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, the Supreme Court properly denied both the plaintiffs' motion for summary judgment on the first and sixth causes of action, which alleged breach of contract, and the plaintiffs' motion for leave to renew their motion for summary judgment. Skelos, J.P., Balkin, Eng and Sgroi, JJ., concur.