■ PATRICK REID et al., Appellants, v I GRANT INC. et al., Respondents. [942 NYS2d 470]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about October 18, 2010, which, to the extent appealed from as limited by the brief, denied plaintiff Patrick Reid's motion seeking a judgment declaring defendants I Grant Inc., Ivorine Grant, Robert Johnson and Salmon Johnson in breach of a contract of sale of real property and that plaintiff was entitled to a return of his $10,000 down payment, held in escrow by defendant Stella Azie, Esq., and for a money judgment in the amount of $5,802, related to plaintiffs' lease of commercial space on the premises, and granted defendants' cross motion to dismiss Reid's claims for breach of contract and for a money judgment, declared Reid in default under the contract of sale and directed that Reid's down payment be transferred to defendant seller I Grant Inc. as liquidated damages in accordance with the parties' contract of sale, unanimously modified, on the law, to deny the cross motion as to dismissal of Reid's claim for breach of contract, and to vacate the declaration that Reid was in default of the contract of sale and the directed transfer of the down payment to defendant I Grant Inc., and otherwise affirmed, without costs.

Triable issues existed whether Reid's lender declined to issue a mortgage commitment based upon requirements that neither party to the contract of sale had an obligation to rectify or cure (*see generally Rustum v Pinto*, 89 AD3d 574 [2011]; *Zellner v Tarnell*, 65 AD3d 1335 [2009]). Reid's lender allegedly would not extend a loan commitment to Reid after existing violations were noted on the premises in the lender's lien search. While Reid did agree to terms in the contract of sale that relieved the seller from the boilerplate obligation of curing violations on the property, Reid did not, in turn, assume the obligation to remove the violations to the satisfaction of his proposed mortgage lender. To the extent Reid failed to annex to his motion a copy of his lender's formal decision not to extend mortgage financing given the circumstances, and inasmuch as such letter was required to be delivered to the seller in accordance with Rider paragraph 2 to the contract of sale, Reid did not establish his right to a declaration that his down payment be returned to him.

The grant of defendants' cross motion directing, inter alia, that I Grant Inc. recover Reid's down payment as liquidated damages, was error inasmuch as I Grant Inc. did not offer evidence to show that its lender had approved a short sale to Reid. A party to a contract of sale that alleges damages directly flowing from a breach of such contract must show that he or she was ready, willing and able to meet his or her obligations under such contract, but for the other party's breach (*see generally Pesa v Yoma Dev. Group, Inc.*, 18 NY3d 527 [2012]; *Farahzad v Monometrics Corp.*, 119 AD2d 721 [1986]). Defendants did not satisfy this burden. Concur—Andrias, J.P., Friedman, Acosta, Freedman and Richter, JJ.