Carpenter v Crespo (2018 NY Slip Op 03501)





Carpenter v Crespo


2018 NY Slip Op 03501


Decided on May 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2016-07225
 (Index No. 21932/13)

[*1]Kim S. Carpenter, respondent, 
v
Rafael Crespo, et al., defendants, BTML Development Corp., appellant.


Borchert & LaSpina, P.C., Whitestone, NY (Helmut Borchert and Robert W. Frommer of counsel), for appellant.
Michelle Barrow, Brooklyn, NY, for respondent.



DECISION & ORDER
In an action, inter alia, for the specific performance of a contract for the sale of real property, the defendant BTML Development Corp. appeals from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated May 25, 2016. The order, insofar as appealed from, upon renewal, denied that branch of the motion of the defendant BTML Development Corp. which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The defendants Rafael Crespo and Aracelis Crespo (hereinafter together the Crespos) were the owners of property located at 916 Herkimer Street in Brooklyn (hereinafter the premises). On June 4, 2013, Rafael Crespo entered into a contract with the plaintiff to sell the premises to her. On December 16, 2013, the Crespos sold the premises to the defendant BTML Development Corp. (hereinafter BTML). The deed of sale was recorded on January 3, 2014. The plaintiff commenced this action against the Crespos and BTML. BTML moved for summary judgment dismissing the complaint insofar as asserted against it. The motion was denied as premature with leave to renew. BTML then moved pursuant to CPLR 2221 for leave to renew its motion for summary judgment. The Supreme Court granted renewal but denied summary judgment. BTML appeals, and we affirm the order insofar as appealed from.
Where spouses own property as tenants by the entirety, a conveyance by one spouse, to which the other has not consented, cannot bind the entire fee or impair the nonconsenting spouse's survivorship interest (see V.R.W., Inc. v Klein, 68 NY2d 560, 564). Thus, generally, where property is held by spouses as tenants by the entirety, an agreement of sale signed by only one spouse is ineffective to constitute an agreement to convey full title, unless it is shown, inter alia, that the nonsigning spouse had complete knowledge of and actively participated in the transaction, that he [*2]or she ratified the purchase option after the fact, or that the signing spouse was authorized in writing to act as the nonsigning spouse's agent in the matter (see Lelekakis v Kamamis, 41 AD3d 662, 664; Stojowski v D'Sa, 28 AD3d 645, 646). However, each spouse may sell, mortgage, or otherwise encumber his or her rights in the property, subject to the continuing rights of the other (see V.R.W., Inc. v Klein, 68 NY2d at 565).
Here, in support of its motion for summary judgment, BTML established that the premises was owned by the Crespos as tenants by the entirety and that only Rafael Crespo entered into the contract to sell the premises to the plaintiff. In opposition, the plaintiff failed to raise a triable issue of fact with regard to whether Aracelis Crespo had complete knowledge of and actively participated in the transaction, whether she ratified the sales contract after the fact, or whether Rafael Crespo was authorized in writing to act as Aracelis Crespo's agent in the matter. Accordingly, BTML demonstrated, as a matter of law, that the plaintiff's contract was unenforceable against Aracelis Crespo's interest in the premises (see V.R.W., Inc. v Klein, 68 NY2d at 564-565; Lelekakis v Kamamis, 41 AD3d at 664; Stojowski v D'Sa, 28 AD3d at 645-646).
However, BTML failed to establish its prima facie entitlement to judgment as a matter of law on the ground that the plaintiff's contract was unenforceable against Rafael Crespo's interest in the premises, either because the plaintiff was not ready, willing, and able to perform or because BTML was a bona fide purchaser whose conveyance was first duly recorded. " Before specific performance of a contract for the sale of real property may be awarded, a plaintiff must demonstrate that he or she was ready, willing, and able to perform on the original law day or, if time is not of the essence, on a subsequent date fixed by the parties or within a reasonable time thereafter'" (Clarke v Bastien, 128 AD3d 632, 633, quoting Dairo v Rockaway Blvd. Props., LLC, 44 AD3d 602, 602; see Chavez v Eli Homes, Inc., 7 AD3d 657, 659).
Here, neither the plaintiff's contract nor the circumstances surrounding its execution indicated that time was of the essence (see Nuzzi Family Ltd. Liab. Co. v Nature Conservancy, 304 AD2d 631, 632). BTML's submissions failed to eliminate triable issues of fact as to whether the closing of the sale to the plaintiff was delayed because Rafael Crespo failed to deliver at least one of the property's two apartments vacant, as required by the contract. Moreover, although the record contains evidence that, on December 9, 2013, Rafael Crespo's attorney informed the plaintiff's attorney that Rafael Crespo wanted to close by December 20, 2013, the Crespos sold the property to BTML on December 16, 2013. Thus, BTML failed to make a prima facie showing that the plaintiff was not ready, willing, and able to perform on a subsequent date fixed by the parties or within a reasonable time thereafter (see Revital Realty Group, LLC v Ulano Corp., 112 AD3d 902, 904).
An executory contract for the sale, purchase, or exchange of real property not recorded as provided for in section 294 of the Real Property Law is void as against any person who subsequently purchases the same real property in good faith and for a valuable consideration, from the same vendor, and whose conveyance is first duly recorded (see Real Property Law § 294).
Here, BTML failed to eliminate triable issues of fact as to whether it was aware of Rafael Crespo's contract with the plaintiff before it purchased the premises and, thus, whether it made the purchase in good faith. Therefore, BTML failed to make a prima facie showing that it was a bona fide purchaser whose conveyance was first duly recorded (see Barrett v Littles, 201 AD2d 444, 444; see also Yen-Te Hsueh Chen v Geranium Dev. Corp., 243 AD2d 708, 709).
Since BTML failed to demonstrate its prima facie entitlement to judgment as a matter of law, we agree with the Supreme Court's determination denying that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BTML's remaining contention is without merit.
LEVENTHAL, J.P., SGROI, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court