Sanjana v King (2019 NY Slip Op 03665)





Sanjana v King


2019 NY Slip Op 03665


Decided on May 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2019

Sweeny, J.P., Gische, Tom, Gesmer, Singh, JJ.


9252 153650/17

[*1]Jujo U. Sanjana, et al., Plaintiffs-Appellants,
v
James King, et al., Defendants-Respondents.


Thomas Weiss & Associates, P.C., Garden City (Thomas Weiss of counsel), for appellants.
Lewis Johs Avallone Aviles LLP, Islandia (Jennifer Hurley McGay of counsel), for respondents.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered June 11, 2018, which denied plaintiffs' motion for summary judgment on their cause of action for return of a down payment, and granted defendants' cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Pursuant to the express terms of their real estate purchase contract with defendant sellers, plaintiff purchasers were obligated, if they had not obtained financing by a certain date, to cancel the contract within five business days of that date, in which event their down payment would be refunded to them, or seek an extension or find other financing. Although plaintiffs did none of these things, they argue that they are nonetheless entitled to the return of their down payment because the post-contingency-period revocation of the mortgage commitment they had obtained was not attributable to any acts of bad faith on their part (see Blair v O'Donnell, 85 AD3d 954, 955 [2d Dept 2011]).
The motion court correctly found that plaintiffs did not obtain a mortgage commitment by the "Commitment Date," but obtained only a conditional loan approval (see Eves v Bureau, 13 AD3d 1004, 1005 [3d Dept 2004]; Kressel, Rothlein & Roth v Gallagher, 155 AD2d 587 [2d Dept 1989]). The lender's letter advised that plaintiffs had been "conditionally approved" for a loan, subject to the lender's receipt and approval of 18 separate items of documentation from them as well as its approval of items that it would obtain from various third parties. The letter said that on receipt of these items the lender would conduct a "final review," and that as soon as it issued a "final approval," the lender would contact plaintiffs. In the absence of a mortgage commitment, there is no occasion to inquire into bad faith on plaintiffs' part. They waived the contingency and were obligated either to purchase the property with or without a mortgage or to forfeit their down payment.
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 9, 2019
CLERK